## H. A. LEWIS ET AL. v. THOS. M. DENNIS.

(Case No. 515.)

1. PRACTICE.— When an original petition, in which a creditor seeks a foreclosure of a vendor's lien on land, contains a general description of the same, but is deficient in certainty, a copy of which is served on the defendant, the plaintiff may file an amended petition containing a more specific description of the land without having the defendant served with a copy thereof.

2. PRACTICE — JUDGMENT.— In a suit on a promissory note, which declares the existence of a lien on land for its payment, if the defendant fails to answer, and no jury is demanded by the plaintiff, it is the duty of the clerk to calculate the amount due, and judgment may be rendered, and an order of sale issued, on no other evidence than the note sued on.

3. JUDGMENT.— When judgment is rendered against the principal in a note, and also against an indorser, on a petition which asks execution against the indorser only, in the alternative, it is error to render judgment directing execution against the property of both, jointly.

4. JUDGMENT FORECLOSING LIEN.— When judgment is rendered fore-
closing a lien on an undivided interest in land, situate in several
counties, the proper practice is to direct the order of sale to the
sheriff of neither county as such, but to a commissioner appointed
to sell.

ERROR from Aransas.   Tried below before the Hon. T.
C. Barden.

Suit by Dennis against appellants, Lewis *et al.*, in the
district court of Aransas county, on a promissory note
dated the 15th day of December, 1853, for $500 in coin,
payable six months after date to Lyman B. Russell or
order, and signed by H. A. Lewis; the same upon its face
purports to have been given in payment of an undivided
one-ninth interest of a grant of five leagues of land to
James Power and James Hewitson, situated on St. Jo-
seph's Island and Matagorda Island, in Aransas and Cal-
houn counties, and therein retaining a vendor's lien on
the interest as security for the payment of the note. The
note was indorsed as follows: "August 4, 1874. Received
on the within note one hundred dollars ($100) gold.
Signed, Lyman B. Russell." Also as follows: "Pay to the
order of C. A. Russell without recourse upon me. Signed,
Lyman B. Russell." Also, "Pay to Thomas M. Dennis,
or order. Signed, C. A. Russell." Plaintiff in his orig-
inal petition gave a general and insufficient description of
the land, and prayed a foreclosure of the vendor's lien.
Appellants acknowledged notice and accepted service of
the original petition. Subsequently the plaintiff filed an
amended petition giving a more certain and particular
description of the land. This amended petition was not
served upon the defendants. On the 11th day of Febru-
ary, 1875, the same day upon which the amended petition
was filed, the case was called for trial, and there being
no appearance or answer filed by defendants, a judgment
by default was rendered against them for the amount due
upon the note, which was assessed by the clerk. And also

a decree foreclosing the lien on the one-ninth interest in the land described in the plaintiff's petition, and directing an order of sale to issue to the sheriff of Aransas county, directing him to seize and sell the land, and apply the proceeds to the payment of the judgment. And in the event of a balance remaining unpaid, an execution was directed to be issued against the defendants.

The following errors assigned, viz.:

*First.* The original petition did not give sufficient description of the land, and the amended petition was not served; therefore it was error to foreclose the lien upon the land.

*Second.* The note sued on was not such an instrument in writing as authorized the assessment of damages by the clerk; and there was no proof offered of the identity of the land, etc., except the note.

*Third.* The petition shows the land to be situated in Aransas and Calhoun counties, and the order of sale is directed to be issued to the sheriff of Aransas county only.

*Fourth.* The decree directs the whole interest to be sold, and does not direct the same to be partitioned and then sold.

*Fifth.* The decree directs said interest to be sold as an entirety, and not in lots of not more than forty nor less than ten acres.

*Sixth.* The petition shows that Lewis was principal, and A. C. Russell indorser, on said •note. The decree directs execution to issue against defendants without reference to the indorser.

*Seventh.* The land is not sufficiently described to identify the same.

*C. A. Russell,* for plaintiff in error.

*W. W. Dunlap,* for defendants in error.

WATTS, COMMISSIONER.— The amended petition did not set up a new cause of action, nor did it contain such new or additional matter as would require service thereof to be made upon appellants.   The original petition contained a general description of the land, by giving the names of the original grantees, the number of leagues, the name of the islands upon which the same is located, the counties in which the same is situated, and the interest therein sought to be subjected to the lien.   The amended petition contains only a more particular description of the land. Ward *v.* Lathrop, 11 Tex., 287; Spencer *v.* McCarty, 46 Tex., 213.

The statute provides that where process has been served according to law, and the defendant fails to answer on or before the fourth day of the term, the plaintiff may at any time thereafter have a final judgment by default against the defendant; and if the cause of action is liquidated and proved by an instrument in writing, the clerk shall, unless a jury is asked for by one or the other of the parties, assess the damages of the plaintiff.   Pasch. Dig., art. 1508.

In this case the cause of action was liquidated and proved by an instrument in writing, to wit, a negotiable promissory note, and as neither party asked for a jury, the statute imperatively required the damages to be assessed by the clerk.

The supreme court, in the case of Niblett *v.* Shelton, 28 Tex., 548, which was a suit to recover the amount due upon a note and to foreclose the vendor's lien upon the land for which it was given, held that the default was an admission by the defendants of the averments contained in the petition; and the averments so admitted being sufficient to entitle the plaintiff to a judgment for the amount of the note and a foreclosure of the vendor's lien, it was not error to render the judgment and direct an order of sale to issue without other evidence than the note

sued on.   The note in that case, like the one in the pres-
ent, retained upon its face a lien upon the land.

It is contended by appellants that there should have
been a partition of the whole lands decreed, and after the
ninth interest was segregated, that the lien should have
been foreclosed thereon and the same ordered to be sold
in lots of not less than ten and not more than forty acres.
Such a partition was not essential to a valid decree of
foreclosure upon, and a sale of that interest.   The pro-
vision of the constitution of 1869, relied upon by appel-
lants, had no application to a case like the present.   It is
obvious that to enforce it in such case would be imprac-
ticable.   And without further considering the scope and
meaning of that provision, it is a cause of congratulation
to know that it is no longer a part of the organic law.

The judgment is erroneous in directing execution to be
issued against Lewis and Russell jointly, or as a principal.
The petition shows that Lewis was principal and Russell
indorser, and the judgment should have followed the
prayer contained in the petition, by directing the execu-
tion to be first levied upon the property of Lewis, and in
the event that was exhausted, then upon the property of
Russell.

The judgment is also irregular in adjudging the order
of sale to be directed to the sheriff of Aransas county as
such.  The land decreed to be sold is situated in Aransas and
Calhoun counties; it would have been the better practice
to have appointed the sheriff, or some other person, a
commissioner, to make the sale of the entire one-ninth
interest in the land.

For these errors and irregularities in the judgment, we
are of the opinion the same ought to be reversed and re-
formed as indicated in this opinion, and the costs of this
appeal should be adjudged against appellee.

REVERSED AND REFORMED.

[Opinion delivered March 14, 1881.]