## TEXAS SAVINGS LOAN ASSOCIATION v. W. A. SEITZLER.

### No. 1461.

**Trustee's Sale—Notice.**

A plaintiff in trespass to try title showed title by deed from a trustee, by authority of a deed of trust authorizing sale of the premises on default, in payment of a promissory note, on giving twenty days' notice of the time, place and terms of sale by written notice posted up at the court house door. Held, that such sale did not pass title by reason of the following defects in the notice of sale.

1. The notice described the property as Lot 8, in Block 109, of ————— Addition to Waco. Unless it were proved that there was but one addition to Waco, this did not identify the land.

2. A reference to the land in said notice as the same "conveyed to M. S. by deed recorded in Book 70, Page 145, of said deed records," without introducing the record in evidence, did not make such description good.

3. The trust deed, given by W. A. Seitzler and his wife Mary Seitzler, was described in the notice of sale as given by "W. A. Stezler and his wife Mary A. Setzler." This was a material defect.

4. A power of sale can only be executed in the manner prescribed. Where notice was required the identity of the thing to be sold was a substantial part of the notice of sale and if it did not inform those reading it what particular lot was to be sold, the attempted sale was a nullity.

ERROR from McLennan.  Tried below before Hon. L. W. GOODRICH.

*J. B. Scarborough,* for plaintiff in error.—1. Plaintiff having shown complete title from and under the defendants W. A. and Mary Seitzler, was entitled to judgment for the land, and it was error to render judgment for the defendants.  Hemphill v. Watson, 60 Texas, 679.

2. Plaintiff's testimony showing complete compliance with the terms of the trust deed by the trustee in sale in every particular, there being no defense, no offer to do equity by the defendants by paying the debt either in pleading or in proof, the evidence does not support the judgment, but the judgment is contrary to the evidence, and judgment should have been rendered for plaintiff.

*Thomas C. Smith,* for defendant in error.—Plaintiff's evidence failing to prove title in it, and compliance with the terms and conditions of the alleged deed of trust not having been proved, the defendant, Mary Seitzler, having plead not guilty and general denial, and proven actual possession by her of premises sued for, and desertion of her husband, was entitled to judgment, and the judgment rendered by the court is fully sustained by the law and evidence.  Acts March 21, 1889, p. 143, regulating trustee's sales and requiring notice as in judicial sales; Revised Statutes, 1879, art. 2309; Amendment Act, 1893 (Laws, p. 111); Thompson v. Commissioners, 79 N. Y., 54; Jones on Mortgages, vol. 2, secs. 1839-1840; Perry on Trusts, vol. 2, secs. 602q-602s; Roche v. Farnsworth, 106 Mass., 509.

Option to declare mortgage due must be at reasonable time or at time of default.  Wilson v. Winter, 6 Fed. Rep., 16.

As to description of property. James v. Brooks, 5 Texas Civ. App., 59 (24 S. W. Rep., 78); Daugherty v. Eastburn, 74 Texas, 68 (11 S. W. Rep., 1053).

COLLARD, ASSOCIATE JUSTICE.—Suit of trespass to try.title by plaintiff in error, a corporation, against W. A. Seitzler and his wife Mary Seitzler, for lot 8 in block 109 in the Coggins and Park Addition to the city of Waco.

The cause was tried by the court without a jury, and judgment rendered for defendants, from which writ of error is sued out by plaintiff and the case brought to this court.

The facts are as follows:

1. Plaintiff put in evidence a certified copy of a deed to the lot in suit by the Waco Building Association, of date September 23, 1889, to Mary Seitzler as a common source.

2. A deed of trust, of date April 9, 1890, by W. A. and Mary Seitzler to W. D. Mayfield, trustee, to secure the plaintiff in the payment of the following note:

"401.25.                              Waco, Tex., 4-9, 1890.

On the 9th day of June, 1894, we promise to pay to the Texas Savings Loan Association or order, at the office of the Texas Savings Loan Association, in Waco, the sum of $401.25, with 1 per cent interest per month from maturity until paid; payable in monthly installments of $8.02 on the 9th day of each month from date hereof, value received. It is agreed and understood hereby that in case of default in the payment of any one of said installments for 10 days, the whole note shall, at the option of the legal holder of the same, at once mature, and he may proceed to collect the same. Said note is given as a lien on the following piece of land, to-wit: lot 8, in block 109, Coggin & Parks Addition to Waco, and a lien is given to secure the same. If this note is collected by process of law, I agree to pay ten per cent of same as attorney fees.

(Signed.)                        W. A. Seitzler, Mary Seitzler."

3. Deed of trust April 9, 1890, to W. D. Mayfield by W. A. and Mary Seitzler, conveying said lot (declared not to be homestead of the parties), which provides that in case of default of payment of said note and interest or any part thereof when the same shall become due and payable, then it shall be the duty of W. D. Mayfield, trustee, "at any time after such default, at the request of the legal holder of the note unpaid, to sell said property, at the courthouse door of McLennan County, to the highest bidder, for cash, at public auction, first giving at least twenty days' notice of the time, place, and terms of sale, by written notice posted up at said courthouse door."

4. Deed of W. D. Mayfield, trustee, dated March 6, 1894, to plaintiffs, the deed reciting the deed of trust and note, request of the holder

made to the trustee to sell the land to satisfy the debt, advertisement for more than 20 days according to the terms of the deed of trust, and sale in accordance therewith on the first Tuesday in March, 1894, and purchase by plaintiff for the sum of $100.

Defendant's evidence showed—

1. That Mrs. Mary Seitzler was the wife of W. A. Seitzler; that she was living on the place sued for; that her husband had not been living with her for nearly four years prior to the trial, March 19, 1895. She was unable, after her husband left her, to pay the note, and called on W. D. Mayfield and stated her situation to him, and he told her not to be uneasy, but to pay along as she could, that they had no disposition to push her.

She had two or three conversations with him of this sort in the latter part of the year 1891, and one was in 1893. He did not notify her at the time that he was going to sell the property, and the first she knew of it was after it had been advertised for sale a few days before the sale. She did not know how much money was received from plaintiff when the note was executed.

She made various payments at different times to the president and secretary of plaintiff on the note, and the memorandum books showed the amounts and dates. She paid along at different times in each month, and no objections were made whether she paid promptly or not; she was told not to worry over it and she could pay when it was convenient. She was never notified that she must pay the note or the property would be sold, and she testified that she knew the whole amount of the note was not due when the sale was made.

W. D. Mayfield was the president and a stockholder of the company plaintiff at the date of the deed of trust and the sale, and he sold the property at the courthouse door of McLennan County, on the first Tuesday in March, 1894, at about half past one o'clock, p. m. There were only a few people present. Young Seitzler was present and read a protest against the sale. The property was bid in for the association, by its attorney, J. B. Scarborough, at the sum of $100.

The note was for $401.25; the actual amount of money principal loaned to and received by Seitzler was $250. The amount of $401.25 was obtained by adding interest for 50 or 60 months to the principal and that sum divided by such number of months to get the monthly payments. Payments were made on the note, $8.02 each month, until August, 1891. Another payment was made April 6, 1893, and $5 in June, 1893, making the total payments $129. The $100 bid by plaintiffs for the lot was not entered as a credit on the note, but it was a credit on the debt. Repeated requests were made to Mrs. Seitzler to pay up the note, but she failed, except as stated. She was not notified that the property would be sold before it was advertised.

The board of directors of plaintiff corporation did not direct the trustee to make the sale, but he, being the president of the corporation, and the secretary, agreed to advertise and sell it. Some of the directors

were consulted, but there was no action of the board until after the sale. At the time of the sale the amount due was not stated by the trustee.

The notice of the sale was in these words:

### "NOTICE.

Whereas, on the 9th day of April, 1890, W. A. Stezler and his wife Mary A. Setzler, made, executed and delivered to the Texas Savings Loan Association their promissory note for the sum of $401.25, and to secure the payment of said note, made, executed and delivered to said association their certain deed of trust, with W. D. Mayfield as trustee, to the following described land, to-wit: lot No. (8) eight, in block (109), one hundred and nine, of the —————— addition to the city of Waco, McLennan County, Texas, as is fully shown by maps of said addition of record in the deed records of McLennan County, being the same land conveyed to Mary Seitzler by deed duly recorded in book 70, page 145, of the said deed records. And whereas default has been made in the payment of said note according to its terms and tenor, and whereas the Texas Savings Loan Association, the holder of the same, has demanded that I, as trustee, sell said land to satisfy said note:

Now, therefore, I, W. D. Mayfield, by virtue of the authority conveyed to me by said deed of trust, will, on Tuesday the 6th day of March, 1894, at the courthouse door of McLennan County, sell said lot within the legal hours of sale to the highest and best bidder for cash, and will make to the purchaser thereof such title as by the terms of the deed of trust I, as trustee, am authorized to make.

This 26th day of January, 1894.

(Signed.)	W. D. Mayfield, Trustee."

There was only one notice of sale and no advertisement in any newspaper of the sale. W. C. Seitzler, son of defendants, was present at the sale and objected to it for his mother, because proper notice of the sale required by law had not been given, that the consideration of the note secured by the deed had failed; the debt was not due and was usurious; that the property, lot 8 in block 109 of Coggins & Park addition to the city of Waco, was not described in the advertisement. The property was shown to be worth at the time of sale $600.

*Opinion.*—We think the plaintiff failed to show title to the lot sued for, and that there was no error in rendering judgment for defendants. It was necessary, to make the deed of trust a valid deed to convey the land, to show that the sale was advertised as required by the deed of trust. The notice of sale did not describe or in any manner identify the lot to be sold. Lot 8 in block 109 of —————— addition to the city of Waco was not a description of any lot, in the absence of proof that there was but one addition to the city of Waco, which proof doubt-

less could not have been made. The words "being the same land conveyed to Mary Seitzler by deed duly recorded in book 70, page 145, of said deed records," meaning McLennan County records, did not of themselves identify the land. The record was not in evidence, and there was no proof to aid the description in the notice. Plaintiff put in evidence a certified copy of a deed to the lot in suit by the Waco Building Association, of date 23rd September, 1889, to Mary Seitzler, in order to show common source, but this is not shown to be the deed mentioned in the notice of sale.

The power of sale required a sale at public auction after twenty days' notice by posting of the time, place and terms of the sale, and this power could only be executed in the manner prescribed. Perry on Trusts, sections 782, 783. There was, so far as the testimony shows, no notice of the sale. A most material and substantial part of the notice was omitted, the identity of the thing to be sold. Persons reading the notice were not informed that any particular lot was to be sold. So far as the testimony shows, purchasers were not invited to attend the sale of the lot in controversy. There being no notice of sale as prescribed in the power, it must be held that the power to sell was not executed and the attempted sale was a nullity. The notice was otherwise materially defective and insufficient in describing the persons who had executed the power authorizing the sale. "W. A. Seitzler and his wife Mary Seitzler" authorized the sale, not "W. A. Stezler and his wife Mary A. Stezler," as stated in the notice. "Stezler," if a name at all, is not "Seitzler."

Plaintiff failed to prove title to the land, and the judgment of the court should not be disturbed. Plaintiff's assignments of error are not well taken, and the judgment of the lower court is affirmed.

*Affirmed.*

Delivered February 26, 1896.

Writ of error refused.