KNIGHT STITH v. W. J. MOORE ET AL.

Decided April 11, 1906.

**1.—Counsel—Appointment by Court.**

Failure of the court to appoint counsel for plaintiff on his showing that, through lack of means, physical and mental weakness, and combinations against him, he was unable to secure one, held no error where the record showed that he was represented by counsel.

**2.—Same—Nonresident Defendant.**

Omission of the court to appoint counsel for a nonresident defendant, cited by publication, was a mere irregularity, was immaterial where judgment was in favor of such defendant, and could not be complained of by plaintiff on appeal.

**3.—Continuance—Postponement.**

Granting a mere postponement of the case, on application for continuance, was not ground for reversal where all the witnesses wanted and for whom diligence had been used were present at the trial.

**4.—Trust Deed—Definition of Trust—Power of Attorney.**

A conveyance of land to be held and sold by the grantee to a named corporation for such amount of its stock as he might deem proper, sufficiently

defined the nature and conditions of the trust; it was in effect a power of attorney.

**5.—Receiver's Sale Outside County.**

It is within the power of the court controlling a receivership to order the sale of land by the receiver outside the county where it is situated.

**6.—Deed—Grantee—Corporate Name.**

A deed held not invalidated because one of the two grantees, the "Llano County Bank," was described as the "Llano Bank."

Error from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*Slater & Oatman* and *John Dorrell,* for plaintiff in error.—The defendant Ben Collins filed no answer herein, being served by publication, and this court was without jurisdiction to enter up a final judgment. Rev. Stats., arts. 1211, 1245.

A deed which is uncertain as to beneficiary and trustee, can pass no title. Nolte v. Meyer, 79 Texas, 351; McWilliams v. Cornelius Bros., 66 Texas, 302; Caton v. Mosely, 25 Texas, 378; 79 Texas, 356; 83 Texas, 626; 86 Texas, 408; 64 Am. St. Rep., 767; 1 Greenleaf, 300; Linney v. Wood, 66 Texas, 22.

The laws of this State in reference to receivers and their duties do not authorize them to sell real estate at any other time and place than that provided by the general law which is in the county where the land lies. Howard v. North, 5 Texas, 290; Grace v. Garnett, 38 Texas, 156; Casseday v. Norris, 49 Texas, 613; Sinclair v. Stanley, 64 Texas, 72; Moody v. Moeller, 72 Texas, 635; Alred v. Montague, 26 Texas, 735; Lewis v. Dennis, 54 Texas, 487.

The words Llano Bank and Llano County Bank are not the same, and the deed being to the Llano Bank and Charles Schreiner, when no such bank existed, and the bank that did exist was the Llano County Bank, and the admission of this deed to the Llano Bank and Charles Schreiner was error. Southern Pacific Co. v. Block Bros., 84 Texas, 21; Southern Pacific Co. v. Burns, 23 S. W. Rep., 288; Southern Pacific Co. v. Graham, 12 Texas Civ. App., 568.

*Chas. L. Lauderdale* and *McLean & Spears,* for defendants in error.— The failure of the court to appoint an attorney of record for the defendant Ben Collins, was not jurisdictional, and, if error, can be complained of by the defendant Ben Collins only. Batts' Civil Statutes, art. 1211; Crosby v. Bannowsky, 95 Texas, 449.

The deed from Ben Collins to Richard Woolley, trustee, sufficiently defines and sets forth the nature and conditions of the trust thereby created, and is a valid conveyance. Moore v. Waco, 85 Texas, 211; Brown v. Harris, 7 Texas Civ. App., 665; Studebaker Bros. Mfg. Co. v. Hunt, 38 S. W. Rep., 1134.

Article 2360, Revised Statutes of Texas, requiring sales of land under execution to be made in county where land lies, does not apply to sales by a receiver acting under the direction of court of competent juris-

diction. Farmers & M. Nat. Bank v. Waco E. Ry. Co., 36 S. W. Rep., 135; Lewis v. Dennis, 54 Texas, 491.

Individuals have the right to embark in business as partners under any firm name they may choose, and the deed complained of, showing upon its face to be the Llano Bank, a firm composed of T. J. and W. J. Moore, and Chas. Schreiner, is a valid deed, and was properly admitted in evidence.

Upon the trial of this cause plaintiff had counsel of his own selection, and can not complain that the court failed to appoint him additional counsel.

The defendants, while the legal and equitable title to the land sued for appeared of record to be in the Bessemer Llano Development Company, purchased from said company, through its receiver, acting by the authority, and under the direction of the court having jurisdiction of same, and paid value therefor, without any notice or knowledge of any adverse claim or title to said land, and are innocent purchasers thereof. Poor v. Boyce, 12 Texas, 449; Richardson v. Levi, 67 Texas, 367; Eylar E. Eylar, 60 Texas, 320; White v. Frank, 91 Texas, 70; Ledbetter v. Higbee, 13 Texas Civ. App., 267; Hollingsworth v. Fawlkes, 6 Texas Civ. App., 64.

KEY, Associate Justice.—The plaintiff Knight Stith brought this suit against the defendants W. J. Moore, T. J. Moore, Charles Schreiner and Ben Collins. The suit was an action of trespass to try title and to cancel certain deeds, under which the defendants Schreiner and the Moores claim. There was a non-jury trial resulting in a judgment for the defendants, and the plaintiff has brought the case up by writ of error.

Disregarding the order in which the case is presented in this court, and treating it chronologically, we dispose first of the question relating to the plaintiff's application to have an attorney appointed to represent him in the court below. The minutes of the court fail to show, and there is no bill of exception showing, that the court was requested to or, in fact, did make any ruling upon the application. The trial court made an endorsement on the application to the effect that after hearing it read, he attempted to secure an attorney to represent the plaintiff, but was unable to do so, because all of the attorneys residing in Llano County were disqualified. When that endorsement was made is not shown, but the application itself is marked "filed December 5, 1904." The case was tried and judgment rendered August 26, 1904, several months before the application was filed. The judgment recites that both parties, the plaintiff and the defendants, by their respective attorneys, appeared at the trial; and the statement of facts is signed by Slator & Oatman, attorneys for the plaintiff, and that firm, together with another attorney, is representing the plaintiff in this court. Therefore, the record showing affirmatively that the plaintiff was represented in the court below, we hold that no reversible error is shown in reference to the application to have an attorney appointed for the plaintiff.

The defendant Ben Collins was served by publication, and we are asked to reverse the judgment because no attorney was appointed to represent him, as required by statute. The failure to appoint an attorney to rep-

resent the defendant Collins did not affect the jurisdiction of the court, and therefore the plaintiff can not be heard to complain upon that ground. Such failure was an irregularity of which Collins alone could complain, but as the judgment is in his favor, he has no ground upon which to base a complaint, and the plaintiff is not entitled to have the judgment set aside because of the failure referred to. (Crosby v. Bannowsky, 95 Texas, 449.)

No error was committed in not granting the plaintiff's application for a continuance. It was presented on June 14, 1904, and the case was postponed until August 26, 1904. All the witnesses referred to in the application appeared and testified except the defendant Ben Collins, and it was not shown that any further diligence was used to procure his testimony after the case was postponed. (Watson v. Blymer Mfg. Co., 66 Texas, 558; St. Louis Brewing Assn. v. Walker, 23 Texas Civ. App., 7.)

Ben Collins conveyed the land in controversy in trust to Richard Wooley to be conveyed by the latter to the Bessemer-Llano Development Company, which was done. Thereafter the property of the development company was placed in the hands of a receiver by the District Court of Bexar County, and the land in controversy was sold by the receiver and bid in by the defendant W. J. Moore, who caused the deed to be made by the receiver to Charles Schreiner and the Llano Bank. The plaintiff objected to the deed from Collins to Wooley upon the ground that it did not sufficiently define the nature, purpose and conditions of the trust. It stated that the land was to be by Wooley, as trustee, sold and conveyed to the Bessemer-Llano Development Company for and in consideration of such amount of the full paid up non-assessable stock of said company as he may deem proper. We hold that this was a sufficient designation of the trust. In fact, the instrument referred to is a power of attorney authorizing Wooley to convey the land to the development company. The objection referred to is the only one that was made against its admissibility in the court below, and for that reason we decline to consider other objections urged in this court.

The deed from the receiver was objected to because the sale was made in Bexar County and not in Llano County, where the land is situated. This objection is without merit. Unlike execution sales, there is no statute requiring a receiver's sale to be made in the county where the land is situated; and it was within the discretion of the court in which the receivership was pending to permit the sale to be made in Bexar County. (Lewis v. Dennis, 54 Texas, 491; Farmers & M. Nat. Bank v. Waco Elec. Ry. Co., 36 S. W. Rep., 135.) The other objection urged in this court against the deed referred to was not made in the court below, and for that reason it can not be urged here.

The plaintiff asserts title to the land by reason of a judgment in his favor against Ben Collins, and a sale of the land thereunder, at which sale he became the purchaser. That sale occurred September 2, 1902. Collins conveyed the land to Wooley as trustee March 2, 1893, and the receivership sale was made in 1899. Therefore the defendants having the older title, it became necessary to break down that title before the plaintiff could recover. This the plaintiff failed to do.

The point sought to be made upon the difference between the Llano

Bank and the Llano County Bank is not tenable. The undisputed testimony shows that the two Moores were engaged in a partnership banking business under the firm name of the Llano County Bank; that W. J. Moore, acting for his firm and Charles Schreiner, bought in the land at the receivership sale and accepted a deed from the receiver conveying the land to Charles Schreiner and the Llano Bank. The difference between the "Llano County Bank" and the "Llano Bank" does not vitiate the deed. The property was paid for with money which belonged to Schreiner and the two Moores; and, to say the least, the deed vested the legal title in Schreiner, and the Moores have an equitable title thereto in proportion to the amount of the consideration which was furnished by them.

There was testimony tending to show that the plaintiff suffered serious mental abberation for several years including the year 1893, but we fail to see what bearing that fact has on the case. It is asserted in his brief that during that time all transactions had with reference to him and his property are null and void; but the defendants are not claiming under the plaintiff, and do not derive their title from any transaction with him.

As to the question of fraud, we think the testimony justified the court in finding against the plaintiff on that issue and that the defendants bought the property in controversy without notice of any fraud for a valuable consideration, and were entitled to protection as innocent purchasers.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.