## MARLETT et al. v. BROWNFIELD.

### No. 14141.

Court of Civil Appeals of Texas.
Fort Worth.

May 3, 1940.

H. G. Woodruff and H. E. Lobdell, both of Decatur, for appellants.

E. I. Key, of Denton, for appellee.

BROWN, Justice.

W. C. Bronfield is a brother of Mrs. Alpha Balthrop, Mrs. Lonie Marlett and Mrs. Ammer Kelley, and these four are the children of C. L. Brownfield and Nancy Brownfield (deceased).

W. C. Brownfield brought suit against his three sisters and their spouses, praying for a partition of two certain tracts of land in Wise County, and alleged that he was the owner of five-eighths of a certain portion of the land and an owner of one-fourth of another portion. His title is bottomed on a deed from his father (who is still living) in which the father attempted to convey to him the father's asserted undivided one-half interest in the first tract, or portion, of land mentioned above, and his right and title to an undivided one-eighth interest in the same tract as an heir of his deceased mother, and to a one-fourth interest in the other lands as such heir of his mother.

Mrs. Balthrop and Mrs. Marlett, joined by their husbands, answered and in addition to denying plaintiff's rights, as asserted by him, filed a cross-action against him and attacked the deed which appears to have conveyed the first tract, or portion, of land in controversy to both C. L. Brownfield and Nancy Brownfield.

A jury was taken and when the evidence was all in, the trial court submitted only one issue to the jury, which asked the jury: "Do you find from a preponderance of the evidence that at the time Mrs. Fortenberry executed the deed of date August· 12th, 1898, the sole grantee in the deed was Nancy Brownfield?" The jury answered: "No."

The plaintiff moved for judgment as he had prayed for, and the defendants moved the court for a judgment notwithstanding the verdict, and a separate motion for judgment in their behalf.

We do not find any record of any order showing what disposition, if any, the trial court ever made of defendants' motions, or either of them. The judgment, which bears date December 23rd, 1939, is silent on the subject and recites the verdict and thereupon awards title to plaintiff to a five-eighths interest in the first tract mentioned and a one-eighth interest in each of the three sisters (defendants) and a one-fourth interest in the plaintiff and in each said sister to the remaining tract. The judgment recites that the defendants excepted to the judgment and gave notice of appeal to this court.

We have before us three motions: the first, by appellants, is to amend or substitute an appeal bond; the second, by appellee, is to dismiss the appeal on account of no proper bond being·filed in due season; and the third, by appellee, is to perfect the transcript for the purpose of showing that appellants first filed a petition for a writ of error.

We gather from the record presented that the writ of error route was abandoned, and this, evidently, because there was ample time within which to appeal. We gather further that an appeal bond was duly and timely filed with the Clerk of the District Court but same was lost and that appellants then substituted the lost bond with a carbon copy of the original, but that the body of the bond recited that Mrs. Balthrop and her husband were the appellants while the bond discloses that it was made by Lonie Marlett and Ammer Kelley and their respective husbands.

Lonie Marlett and her husband have tendered a proper bond as appellants and same has been approved by the District Clerk, and they pray that it be substituted here as the appeal bond in this cause.

We think the prayer should be granted.

Article 1840, R.C.S., specifically provides that when there is a defect of substance or form in any appeal bond, then on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such appellate court a new bond.

The words "defect of substance or form" are assuredly broad enough to cover the defects here disclosed.

The motion to substitute, or amend, is granted, and the bond ordered filed.

It follows that the motion to perfect the transcript should be and it is granted, and the motion to dismiss the appeal should be and it is overruled. It is so ordered.