CHANEY et al. v. MAUPIN et al.

No. 13019.

Court of Civil Appeals of Texas. Dallas.

May 30, 1941.

Rehearing Denied June 27, 1941.

Francis M. Chaney and Ruth Felton Muir, both of Dallas, for appellants.

Biggers, Baker & Lloyd, of Dallas, for appellees.

YOUNG, Justice.

This is a suit for balance due on a second vendor's lien and deed of trust note, after non-judicial foreclosure. On April 9, 1929, appellees (plaintiffs below) sold to appellants (defendants) a part of Lot 28, Block "A" of Ross Avenue Annex, an addition to the City of Dallas, by metes and bounds (according to Vol. 1, page 310, Dallas County Map Records), the vendees in the transaction assuming a $10,000 note of W. A. and S. B. Maupin to the Federal Mortgage Company; and executing a $3,500 second lien note due in five years. On April 18, 1934, the note last mentioned was renewed for a similar period and, in connection, a deed of trust was executed to H. F. Lively, trustee; both instruments describing the property conveyed by way of security, as: " * * * being a part of Lot No. Eight (8) in Block 'A' of Ross Avenue Annex Addition to the City of Dallas, Texas, as shown by the map or plat of said addition of record in Vol. 1, page 310, Map Records of Dallas County, Texas, and being the same property conveyed to R. P. Chaney and L. Bowen by W. A. and S. B. Maupin by deed dated April 18th, 1929; * * *."

It appears that in the spring of 1936, nothing having been paid on said renewal note, the Maupins visited the premises where defendants were operating a drycleaning business, and discussed the debt. The ensuing conversation touched upon the first lien, which all parties considered usurious. Defendants testified, in substance, of statements made by plaintiffs that no interest need be paid until fall, when the whole debt would either be refinanced, or the property taken back; that no sale would be made under the deed of trust before fall; defendants then, as in earlier years, offering to redeed the lot in cancellation of the Maupin note, but that plaintiffs never positively agreed to this; only stating that if they decided to accept the property, the note would be canceled. A foreclosure under aforesaid deed of trust occurred August 4, 1936, preceded by statutory notices, the security bid in by plaintiffs for $1,000, which was duly credited; both the notices and trustee's deed reciting the same misdescriptions and inaccuracies as already quoted in the renewal note and deed of trust. On October 2, 1936, still treating the property as "Lot Eight," a written lease was executed between the parties for one year from July 1, 1936, but in the present suit, defendants' note received credits (among other items) for all rent to August 4—the date of foreclosure.

On January 19, 1938, a corrected trust deed was executed by the trustee in the prior foreclosure, and duly filed, reciting a sale of the same property by the true description as set out in the earlier deed of April 9, 1929, from W. A. and S. B. Maupin; and in a sale by last-named parties of said lot and improvements to Mrs. Tina Fife, about August 25, 1938, defendants Chaney and Bowen, with their wives, executed a quitclaim deed, releasing all right, title and interest therein to the vendees or their assigns.

A plaintiffs' judgment following peremptory instruction to the jury at close of all testimony has led to this appeal; and the numerous propositions of appellants complain of the trial court's refusal to recognize their two general defensive pleas, inconsistent in nature but pled alternatively: (1) That the vendor's lien note sued upon was an executory contract for the sale of land, which plaintiffs, from their acts and conduct, had conclusively elected to rescind; culminating in the quitclaim deed of August 25, 1938, the consideration for which was the extinguishment of said second lien note; (2) if mistaken in said plea of rescission and cancellation, defendants assert that the August, 1936, foreclosure sale was premature and so grossly defective in description of property involved, as that no title passed thereunder; resulting in insufficient basis for deficiency suit and judgment. We will consider inversely these law points.

■ While the holder of a secured note is not required to exhaust such security before enforcing same against the original maker, and may proceed to judgment against him without reference to such security, yet, when he has sought to have

the mortgage lien foreclosed, he may not enforce the personal liability of the mortgagor until the property has been sold, pursuant to a valid foreclosure, and all proceeds applied to the satisfaction of the mortgage debt. This procedure is essential to an ascertainment of the amount in which the property is deficient and for which the debtor may be liable. 29 Tex. Jur., Mortgages, Sec. 102, pp. 928–9; Bailey v. Block, 104 Tex. 101, 134 S.W. 323; Sullivan v. Hardin, Tex.Civ.App., 102 S.W. 2d 1110. So, in the instant case, plaintiffs' suit for deficiency is contingent upon the validity of the trustee's sale initiated by them on August 4, 1936; defendants arguing that the gross misdescription of property involved was fatal to the foreclosure proceedings, resulting in a void sale. We conclude appellants' contentions are sound.

In the original sale of "a part of Lot 28", etc., by the Maupins to Chaney and Bowen on April 9, 1929, the $3,500 note in controversy was created, but only a vendor's lien retained. The renewal thereof in 1934 sought to fix an additional lien by way of deed of trust and note, but listed the security as "part of Lot 8," etc., obviously designating another but existent lot in Ross Avenue Annex. The further general description which attempted to connect the property with that conveyed in the earlier Maupin-Chaney deed only added to the confusion, in that, its execution is shown as April 18, 1929, and omits any reference to the deed records by book or page. The posted notices carried the same misinformation to the public and prospective bidders. Thus, except by meager indirection, a most material and substantial part of the notices was omitted, i. e., identity of the thing to be sold. In Texas Sav.-Loan Ass'n v. Seitzler, 12 Tex.Civ.App. 551, 34 S.W. 348, writ refused, under descriptive facts much clearer in intendment than here, the attempted sale was held to be a nullity. Indeed, considering the strict construction applicable to deeds of trust and authority of trustees thereunder, we think the renewal instrument of 1934 was insufficient as a contract lien on said Lot 28; the mortgagee's remedy being by recourse to the courts for reformation of the transaction antecedent to a judicial foreclosure. Hart v. Estelle, Tex.Civ.App., 34 S.W.2d 665, affirmed by Sup.Ct., 55 S.W.2d 510. The substitute trustee, Simmons, was powerless to exercise judicial functions, correct the patent errors from extrinsic facts not apparent of record, and thus identify the property the writings were intended to cover. Hence, his second deed, truly describing the security, was no more effectual to pass title than the first. Plaintiffs' suit for balance due is not maintainable, absent a deficit fixed by valid process of foreclosure. Sullivan v. Hardin, supra.

Our conclusions just stated must result in a rendition of this cause. However, if we be mistaken therein, still we think the court's peremptory instruction was improper, because issues of fact were raised by defensive pleading, and the testimony as a whole, necessitating a remand.

As there was no legal foreclosure, such event was not conclusive of plaintiffs' election to affirm the sale and hold defendants to strict performance. On the other hand, it was merely evidence bearing on affirmance vel non; or more properly on the issue of mutual rescission; that is, of whether the acts and conduct of plaintiffs, beginning with the 1936 conversation, the later repossession by them and rental to defendants, culminating in the quitclaim deed of 1938, constituted an acceptance of defendants' continuing offer to reconvey in extinguishment of the debt.

Appellants further complain of the court's refusal to permit an inquiry into the true consideration for the quitclaim deed, recited to be "$10.00," which was, admittedly, not paid. While we do not approve the form of questions seeking to elicit such testimony, as embodied in bills of exception one to five, inclusive, yet it is well settled that "Recitals in written instruments as to the consideration therefor or the fact of payment are not conclusive * * * and, subject to certain qualifications and exceptions * * * a consideration differing from or in addition to that expressed may be shown by parol or other extrinsic evidence without any pleading of fraud, accident or mistake." 17 Tex.Jur., Evidence-Civil Cases, Sec. 385, p. 849. Defendants had pled a payment of the debt in suit by execution of their quitclaim; and any conversation between Kinemer, of the Title Company, and Dr. Maupin regarding its procurement, or between Kinemer and defendants concerning its execution, was admissible in aid of such defense. Plaintiffs cannot say they are not bound by the statements or knowledge of the one procuring this deed in their behalf. A principal, by accepting the benefit of the agent's acts, adopts also the means by which he pro-

cured it, although he may have no knowledge as to what those means were. American Nat. Bank v. Cruger, 91 Tex. 446, 44 S.W. 278; Allen v. Garrison, 92 Tex. 546, 50 S.W. 335; Lockney State Bank v. Damron, Tex.Civ.App., 179 S.W. 552.

However, consistent with our conclusions first above announced, the action of the trial court must be reversed and judgment here rendered for defendants R. P. Chaney and L. Bowen.

Reversed and rendered.

"On Motion for Rehearing."

It is insisted that, by the 1938 quitclaim deed, defendants waived the right to claim defects in the prior foreclosure. At the time they signed the instrument of quitclaim, the record fails to show that defendants had such information regarding foreclosure as is necessary to constitute waiver; the term presupposing full knowledge of an existing right. Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438, Syl. 12.

Appellees' motion for rehearing is overruled.