**KIMBERLY DEVELOPMENT CORPORA-TION et al., Appellants,**

v.

**FIRST STATE BANK OF GREENS BAYOU et al., Appellees.**

No. 14834.

Court of Civil Appeals of Texas.

Houston.

June 16, 1966.

Rehearing Denied July 7, 1966.

Joseph R. Balson, Houston, for appellants.

Gerald S. Gordon, Houston, Strickland, Gordon & Sheinfeld, Houston, of counsel, for appellees.

WERLEIN, Justice.

This suit was brought by Kimberly Development Corp., allegedly a Texas corporation, James S. Taylor, Jr., and wife, Cherry King Taylor, and Howard S. Barksdale and wife, Teresa Barksdale, against First State Bank of Greens Bayou and First State Trust Corporation, for the purpose of having a deed of trust executed by Mr. and Mrs. Taylor and Mr. and Mrs. Barksdale declared invalid, and the foreclosure sale made under said deed of trust of the property described therein declared ineffective and void. The court, having considered the pleadings, consisting of plaintiffs' original petition and defendants' original answer, the motion for summary judgment of the defendants and their affidavit attached thereto, found that defend-ants' motion for summary judgment should be granted, and judgment was accordingly rendered that the plaintiffs take nothing. Only Kimberly Development Corp. timely filed an appeal bond and perfected an appeal to this Court.

During argument of this case, the attorney for appellants was advised that according to the record before the Court only Kimberly Development Corporation had perfected an appeal to this Court, since Mr. and Mrs. Taylor and Mr. and Mrs. Barksdale had not filed an appeal bond. After submission of the case, appellant's attorney filed herein a motion on behalf of Kimberly Development Corporation, Mr. and Mrs. Taylor and Mr. and Mrs. Barksdale, in which he refers to all of them as appellants, and prays this Court for leave to file a supplemental transcript to include: (1) a judgment nunc pro tunc as of November 4, 1965, expressing the intent of the original parties to this action by stating "w/ notice of appeal for Plaintiffs," and (2) an appeal bond filed by Kimberly Development Corp., James S. Taylor, Jr., Cherry King Taylor, Howard S. Barksdale, and Teresa Barksdale, appellants.

The original judgment in this case was entered by the court on November 4, 1965. Under the signature of the judge who entered such judgment is written in longhand "w/ notice of appeal for Plaintiffs." On January 3, 1966 a nunc pro tunc judgment was rendered and entered by the Court as of the 4th day of November, 1965. At the end of this judgment and above the judge's signature and notation of entry, appears the following: "* * * to which plaintiff excepted thereto and, in open court, gave plaintiff's notice of appeal."

It is our view that the notice of appeal given in the nunc pro tunc judgment of the trial court, especially in view of the notice of appeal in the original judgment, is a sufficient notice of appeal by all of the plaintiffs in the suit. Under Rule 3,

Texas Rules of Civil Procedure, the singular and plural number shall each include the other.

The original appeal bond filed on November 24, 1965, by appellant, Kimberly Development Corp., is as follows:

APPEAL BOND TO COURT OF CIVIL APPEALS

KIMBERLY DEVELOPMENT CORPORATION      Court No.   681,247
                Plaintiff___
        vs.             IN THE     113th Judicial District

FIRST STATE BANK OF GREENS BAYOU            COURT OF
               Defendant___
                                   Harris     COUNTY, TEXAS

WHEREAS, on the _25th_ day of _October_ _1965_, in the above styled and numbered cause pending in the aforesaid Court there was rendered by said Court an ORDER, JUDGMENT, AND DECREE (which is duly entered in Volume _382_ beginning at Page _668_ of the Minutes of said Court, and which is made a part hereof by reference), from which the undersigned APPELLANT___ ha _s_ taken an appeal to the Court of Civil Appeals for the _first_ Supreme Judicial District of Texas:

NOW THEREFORE, we, said Appellant _Kimberly Development_ ___Corporation___ as Principal, and LAWYERS SURETY CORPORATION as Surety, acknowledge ourselves bound to pay to_ First State Bank of Greens Bayou & First State Trust Corporation_ Appellee___ the sum of $ _500.00_ .

CONDITIONED: That the said Principal___, Appellant___, shall prosecute said appeal or writ of error with effect and shall pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript.

WITNESS OUR HANDS this 24th day of_November_, A.D., 19 _65._
             KIMBERLY DEVELOPMENT CORPORATION
             BY : /s/ Joseph R. Balson      Atty
                        Principal
             LAWYERS SURETY CORPORATION
             BY :   /s/ L. Alexander Lovett
               Deputy Attorney in Fact

Plaintiffs' attorney has now produced a supplemental transcript containing an appeal bond changing the style of the case to "Kimberly Development Corp., Et Al v. First State Bank of Greens Bayou, Et Al," and changing the words "APPELLANT__ ha _s_ taken an appeal" to the words "APPELLANTs have taken an appeal," and reciting: "NOW THEREFORE, we, said Appellants Kimberly Development Corp., James S. Taylor Jr., and wife Cherry King Taylor; and Howard S. Barksdale and wife Teresa Barksdale as Principal," etc. Such bond has been signed by James S. Taylor, Jr., Howard S. Barksdale, and Kimberly Development Corp., Et Al, By Howard Barksdale, Principal.

It has been held in numerous cases that the time for filing an appeal bond is jurisdictional and that an appeal bond cannot be waived. Montgomery v. Coates, Tex.Civ.App., 314 S.W.2d 671; 3 Tex.Jur. 2d, p. 553, Appeal and Error, § 299. Rule 430, Texas Rules of Civil Procedure, provides, however:

"When there is a defect of substance or form in any appeal or writ of error bond, then on motion to dismiss the same for such defect, the appellate court may allow the same to be amended by filing in such appellate court a new bond, on such terms as the court may prescribe."

In the instant case, the original appeal bond and transcript were timely

filed and this Court obtained jurisdiction over the suit, at least with respect to Kimberly Development Corporation. The question is whether or not the original bond can be amended in such manner as to include the Taylors and the Barksdales although their names were not included in the original bond. We are of the opinion that the new bond including the names of said individuals may be properly filed as an amendment of the original bond.

In their motion to permit the filing of a new appeal bond, appellants have clearly indicated that it was the intention of all the original plaintiffs to appeal. It seems apparent that through oversight or mistake the names of the individual appellants were not included in the original bond. Permission is given herein to file the supplemental transcript including the new bond which has been executed by all of the appellants.

We have been unable to distinguish the present case from Bean v. Hardware Mutual Casualty Company, Tex.Civ.App., 349 S.W.2d 284, in which the Supreme Court refused a writ, n.r.e. In that case only the plaintiff, Irene Bean, gave notice of appeal and filed her appeal bond. The appeal bond, however, recited that the court entered a judgment to which the "Plaintiffs, Irene Bean, et al" duly excepted and gave notice of appeal. There is no similar recitation in the original appeal bond filed herein, but the record shows that notice of appeal was given in behalf of all the appellants. In the body of the appeal bond in the Bean case, only Irene Bean is named as principal, and the words "et al" are not used. The court permitted the filing of the amended bond to include appellants who had not joined in the original appeal bond, citing Lusher v. First National Bank of Ft. Worth, 260 S.W.2d 621, writ ref., n.r.e., and Marlett v. Brownfield, Tex.Civ. App., 140 S.W.2d 353. The court concluded that any instrument bearing reasonable earmarks of an appeal bond having been filed in due time by any appellant gives the Court of Civil Appeals jurisdiction of the appeal and justifies the appellate court in allowing other appellants, who had given proper notice of appeal but had not theretofore joined in the appeal bond, the right to file an amended appeal bond in which they are joined as appellants.

In the instant case, both the attorney for the appellants and attorney for the appellees filed briefs for their respective clients without raising the question of the inadequacy of the original appeal bond. All of the appellants were represented by the same counsel, and apparently all parties considered that the appeal had been perfected in behalf of all of the plaintiffs in the suit. See also Cornelia Henslee v. State of Texas, Tex.Civ.App., 375 S.W.2d 474; Mullins v. Mullins, Tex.Civ.App., 348 S.W. 2d 69, writ ref., n.r.e.; Holley v. Painters' Local Union No. 318, Tex.Civ.App., 376 S.W.2d 44, writ ref., n.r.e.; Family Investment Co. of Houston v. Paley, Tex. Civ.App., 356 S.W.2d 353, error dism.

■ Although for some unknown reason Kimberly Development Corp. was joined as a party-plaintiff with Mr. and Mrs. Taylor and Mr. and Mrs. Barksdale, there is nothing in plaintiffs' petition showing that Kimberly Development Corp. has any interest whatever in the suit. The only allegation with respect to Kimberly Development Corporation in plaintiffs' petition is that it is a corporation duly organized and existing under the laws of the State of Texas, engaged in the construction and real estate business in Houston, Harris County, Texas. In the answer filed by appellees, and also in the affidavit attached to appellees' motion for summary judgment, it is stated: "Kimberly Development Corporation is not known to the First State Bank of Greens Bayou or the First State Trust Corporation as a party in privity or interest in this entire transaction."

Said appellant has not filed any affidavit nor in any manner denied the allegations in appellees' answer and the affidavit attached to appellees' motion for summary judgment. There is nothing whatever in the record to show that said appellant had

or has any justiciable interest in the present suit or any right to prosecute the same. Since no genuine issue of material fact has been raised with respect to any interest of Kimberly Development Corporation in this litigation, the summary judgment was properly granted as to it.

■ Appellants assert that the trial court erred in excluding from the record an affidavit in support of an allegation in the petition of the plaintiffs that an agreement had been entered into by a purported agent for the trustee of the property and plaintiffs, extending the due date of the "trust deed". The record contains no affidavit by or in behalf of appellants. If there was any error on the part of the trial court in such connection, it has not properly been brought forward, and hence cannot be considered.

Appellants complain that the trial court erred in granting the motion for summary judgment "in that the trust deed mistakenly designated a non-existent corporation as trustee for the property; the purported foreclosure sale was rendered invalid by the mistake in the trust deed," and that appellees' remedy was reformation of the trust deed before sale by foreclosure. Appellants in referring to the "trust deed" have reference to the deed of trust, a copy of which is attached to appellees' motion for summary judgment, and which was executed by James S. Taylor, Jr. and wife, Cherry King Taylor, and Howard S. Barksdale and wife Teresa Barksdale.

The evidence shows that the Taylors and the Barksdales borrowed $125,000.00 from First State Bank of Greens Bayou, and executed and delivered their promissory note in said amount to said appellee, and executed their deed of trust to First State Corporation, as trustee, on certain real estate to secure said note for the use and benefit of the noteholder. The evidence further shows that there was and is no corporate entity with the name of First State Corporation, but that First State Trust Corporation, one of the appellees

herein, is a Texas Corporation, duly incorporated and exercising delegated trust powers under its charter as authorized by former Article 1303b, Vernon's Annotated Texas Statutes. In the affidavit of Gerald S. Gordon, filed with the motion for summary judgment, it is stated that he is the general counsel for First State Bank of Greens Bayou and that he is cognizant of the facts stated in such affidavit. In his affidavit he stated that immediately prior to October 13, 1964, he dictated the form and contents of a deed of trust from the Taylors and the Barksdales for the use of First State Bank of Greens Bayou on certain property, describing it, to secure the payment of the note in the sum of $125,000.00 executed by the Taylors and the Barksdales, but that in transcribing such dictated instrument the name of First State Trust Corporation was erroneously typed as "First State Corporation," and that said deed of trust was executed by the Taylors and the Barksdales in favor of First State Corporation instead of First State Trust Corporation, and that it was duly filed for record and subsequently duly recorded.

In his affidavit affiant further stated that the consideration for the execution of said note secured by said deed of trust was delivered by First State Bank of Greens Bayou to the makers of the note; that such note was not paid; that under the express provisions and terms of said deed of trust, First State Trust Corporation sold the property in question at trustee's sale to appellee, First State Bank of Greens Bayou and delivered to said bank its trustee's deed dated July 6, 1965, recorded in Vol. 5987, page 469, Deed Records of Harris County, Texas, a copy of which was attached to said affidavit; and that it is recited in such trustee's deed that the name of First State Trust Corporation had been erroneously transcribed as First State Corporation.

The record does not contain a copy of the notice of sale which was posted although the trustee's deed recites that "First State Trust Corporation, Trustee, * * * did

advertise * * * the time, place and terms of sale, by posting notices thereof in three public places in Harris County, Texas * * *" It also made the sale and executed the trustee's deed. There is nothing whatever on the face of the deed of trust to show that any mistake was made in the naming of the trustee or that it was the intention of the grantors in executing the deed of trust to make First State Trust Corporation rather than First State Corporation the trustee with power to sell the property at trustee's sale.

The question arises whether under these circumstances the omission of the word "Trust" in the deed of trust executed by appellants, as was done in giving the name of such trustee as First State Corporation instead of First State Trust Corporation, invalidated the sale under said deed of trust. The law is well settled that deeds of trust must be strictly construed. In Hart v. Estelle, Tex.Civ.App.1930, 34 S.W.2d 665, aff'd by the Supreme Court, Tex.Com.App., 55 S.W.2d 510, it was contended that there was a clerical error of the scrivener in transcribing the trust deed, in that by mistake he inserted the name of the beneficiary of the trust where he should have inserted the name of the trustee, and vice versa. In holding the sale invalid the Court said:

> "Unless there was a mistake so palpable that we could say conclusively as a matter of law from the face of the instrument itself that it had been made (see 11 C.J., p. 839, note 60), then, before it could be rectified, the instrument would have to be reformed in a proper proceeding brought for that purpose. In the absence of such proceeding, the power could not properly be exercised, except in the manner expressly provided in the instrument. For a somewhat analogous situation, see Humble Oil & Refining Co. v. Davis (Tex.Civ.App.) 282 S.W. 930."

There is nothing in the deed of trust in question to indicate that any mistake was made in designating the trustee, much less a mistake so palpable that it can be said as a matter of law from the face of the instrument itself, that such mistake was made. It is a matter of common knowledge that the omission or addition in the corporate name of one word may distinguish one corporate entity from another. Here the deed of trust unequivocally named First State Corporation, and none other, as trustee. That corporation did not post notices, sell the property or execute the trustee's deed. No authority was vested in First State Trust Corporation to perform such tasks. The fact that there was no corporation by the name, First State Corporation, did not in any way confer upon First State Trust Corporation the power to act as trustee and sell the property at trustee's sale. Since there was no such corporation as First State Corporation, no one was nominated in the deed of trust capable of serving as trustee, and the sale for such reason also was invalid.

In Chaney v. Maupin, Tex.Civ.App., 153 S.W.2d 187, reversed on other grounds, 139 Tex. 426, 163 S.W.2d 380, in which there was a misdescription of the property in the renewal deed of trust, the court said:

> "Indeed, considering the strict construction applicable to deeds of trust and authority of trustees thereunder, we think the renewal instrument of 1934 was insufficient as a contract lien on said Lot 28; the mortgagee's remedy being by recourse to the courts for reformation of the transaction antecedent to a judicial foreclosure. Hart v. Estelle, Tex.Civ. App., 34 S.W.2d 665, affirmed by Sup. Ct., 55 S.W.2d 510."

The Supreme Court, in its opinion in said case, stated:

> "This description of the property in the deed of trust, standing alone, unaided by any extrinsic evidence to show what property was intended to be conveyed, was insufficient to constitute a valid conveyance to the trustee of the property here in controversy (Texas Savings-Loan Ass'n v. Seitzler, 12 Tex.Civ.App. 551,

34 S.W. 348), and hence any purported sale under the deed of trust would not constitute a valid foreclosure of the lien on the land here under consideration."

■ In the instant case, it would have been necessary to resort to extrinsic evidence to show that a mistake had been made in naming the trustee, and that First State Trust Corporation and not First State Corporation was the trustee. Anyone intending to bid at the trustee's sale in question might well have been deterred from making such bid for the property being sold at trustee's sale by First State Trust Corporation, if he had consulted the recorded deed of trust and observed, as he might have done, that First State Trust Corporation was not named as trustee and therefore had no authority to sell the property. Since a summary judgment was granted in this cause in favor of appellees, we must indulge all inferences in favor of those against whom the summary judgment was granted.

Appellees assert that there was a mere misnomer in the name of the trustee, and that it was not necessary for them to bring a suit for reformation of the deed of trust prior to exercising the power of sale conferred therein. They rely on Stith v. Moore, 1906, 42 Tex.Civ.App. 528, 95 S.W. 587, writ den.; Vineyard v. O'Connor, 1896, 90 Tex. 59, 36 S.W. 424; and Knox v. Gruhlkey, Tex.Civ.App., 192 S.W. 334, which cites with approval Staak v. Sigelkow, 12 Wis. 234. The cases cited by appellees are distinguishable from the instant case, in that none of them involves a sale under a deed of trust. In Stith v. Moore, supra, the deed in question was made to Charles Schreiner and the Llano Bank. The Llano County Bank was the firm name of a partnership consisting of two persons by the name of Moore. The court held that the difference between the Llano County Bank and the Llano Bank did not vitiate the deed. The court further said:

"The property was paid for with money which belonged to Schreiner and the two Moores; and, to say the least, the deed vested the legal title in Schreiner, and the Moores have an equitable title thereto in proportion to the amount of the consideration which was furnished by them."

In Vineyard v. O'Connor, supra, the court held that a deed was not void for failure to name a grantee, since there were recitals in the deed clearly showing who was to have the beneficial interest in the property, and to whom the title was to be warranted. The court said: "The whole instrument is consistent with the theory that Samuel Harvey Vineyard was intended to be a grantee therein, and no other possible construction can reconcile its peculiar provisions."

We are of the opinion, in construing the evidence and facts most favorably to appellants, that the deed of trust, and the sale thereunder, are invalid, and it is so held. This holding is, of course, not intended to interfere with the pursuit by appellees of such other legal and equitable remedies as they may have.

In view of our decision herein, it is not necessary to discuss appellees' cross-point in which they assert that appellants' appeal is frivolous and solely for the purpose of delay, and that a reasonable attorney's fee should be granted appellees.

It is, therefore, ordered that the summary judgment against Kimberly Development Corporation be affirmed; and that judgment in favor of appellees as to the other appellants be reversed and remanded.

## ON MOTION FOR REHEARING

Appellees, in their motion for rehearing, complain of our statement in the foregoing opinion that the "deed of trust, and the sale thereunder are invalid." In order to clarify the matter, we now state that it was not our intention to hold that the lien on the property in question is invalid since it is apparent that the grantors in the deed of trust intended to create a valid lien, but that the sale made under the deed of trust was invalid. Our opinion is not to be construed

as preventing a legal proceeding to reform the deed of trust so that a trustee's sale might be made thereunder or as preventing a proper proceeding for reformation of the deed of trust and a judicial foreclosure of the lien.

Motion for rehearing overruled.