## BALDWIN v. KINGSTON.

### (Circuit Court of Appeals, Third Circuit. April 8, 1919.)

### No. 2437.

BANKRUPTCY ☞181—CONVEYANCE FOR WIFE'S SUPPORT—INADEQUATE CONSIDERATION.

    Where the value of property transferred by a bankrupt to his wife was not disproportionate to the bankrupt's pecuniary obligation of support to her, in suit by his trustee against the wife to set aside the conveyance as in violation of the Bankruptcy Act, the equitable doctrine that, where the consideration for a conveyance is inadequate, the conveyance will be sustained only to the extent of the consideration actually given, has no application.

Appeal from the District Court of the United States for the District of New Jersey; Thomas G. Haight, Judge.

Suit by J. Wadsworth Baldwin, trustee in bankruptcy of Larue H. Kingston and William H. Burnett, individually and as copartners, against Etta C. Kingston. From a decree dismissing the bill (247 Fed. 163), the trustee appeals. Affirmed.

Andrew Van Blarcom, of Newark, N. J., for appellant.

Robert H. McCarter, of Newark, N. J., for appellee.

Before WOOLLEY, Circuit Judge, and THOMPSON and MORRIS, District Judges.

PER CURIAM. Larue H. Kingston made a conveyance through an intermediary to his wife. Upon a petition filed within four months thereafter, Kingston and his copartner, Burnett, individually and as copartners, were adjudicated bankrupts. The trustee in bankruptcy instituted suit to set aside the conveyance as being in violation of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. §§ 9585–9656]). After hearing upon bill, answer, and proofs taken orally before the District Court, a decree was entered dismissing the bill of complaint. 247 Fed. 163. From this decree the trustee appeals.

The assignments of error allege generally that the court erred in holding that the conveyance was not voluntary and was supported by a consideration; in finding that there was an agreement whereby the conveyance should be in satisfaction, whole or partial, of the wife's right to support; and in finding that the value of the property transferred was not so disproportionate to the bankrupt's pecuniary obligation to his wife as to justify the application of the equitable doctrine that where, under certain circumstances, the consideration for a conveyance is sufficiently inadequate the conveyance will be sustained only to the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

extent of the consideration actually given, and be declared voluntary and void as to the residue.

As our views on the questions presented by the assignments of error are in accord with those of the learned trial judge, we dispose of the case on his opinion, and direct that the decree below be affirmed.