## COPPARD v. GLASSCOCK et al.
### No. 1305—5802.

Commission of Appeals of Texas, Section B.
Feb. 24, 1932.

Hertzberg & Kercheville, Church & Graves, and Marion McClanahan, all of San Antonio, and W. Sim Gideon, of Seguin, for plaintiff in error.

Douglas & Black, Henry Lee Taylor, and Simmons & Dotson, all of San Antonio, for defendants in error.

SHORT, P. J.

We adopt the following statement of the nature and result of this suit made in the application for the writ of error:

"This case was tried in the 37th District Court of Bexar County, Texas, without the aid of a jury. The suit was instituted by M. Coppard, Trustee in Bankruptcy for the Glasscock Leasing Syndicate, against Leon D. Glasscock, J. M. Edmondson, O. B. Black, W. D. Glasscock and the Pioneer Oil & Refining Company, a private corporation, for the purpose of setting aside and declaring void a certain deed of trust executed by the Glasscock Leasing Syndicate by W. D. Glasscock, as sole Trustee, in favor of Leon D. Glasscock, as the beneficiary, and for the further purpose of declaring void a purported sale made by the Trustee under the deed of trust while the bankruptcy proceedings were pending and without the sanction of the bankruptcy court, and for the further purpose of setting aside any subsequent transfer of the property conveyed by the Trustee, which transfers were based upon the deed of trust.

"All the defendants filed formal answers and there was no controversy as to the rights of the Pioneer Oil & Refining Company. The defendants, Leon D. Glasscock and J. M. Edmondson, each pleaded a cross action for damages but neither offered any evidence in the cause.

"The Glasscock Leasing Syndicate was an unincorporated company operating under a declaration of trust with W. D. Glasscock as sole Trustee. W. D. Glasscock, acting as sole Trustee, executed the deed of trust in question in which his son, Leon D. Glasscock, was beneficiary. The only description contained in the deed of trust was as follows:

" 'All of the property of said syndicate of whatsoever description and wheresoever situated, including land, leases, royalties, wells, drilling equipment, machinery, power plants, automobiles, etc.' "

"This deed of trust was filed in the Deed of Trust Records of Bexar County, Texas, but was not filed in the Chattel Mortgage Records of Bexar County, Texas. The plaintiff in error contended that the above description was so vague and indefinite, and so totally inapplicable to any specific property that the recording of the same was no constructive notice to a creditor with a lien. And, furthermore, the plaintiff in error contended that, since the instrument was not filed in the Chattel Mortgage records, it could not operate as a valid chattel mortgage taking precedence over the claim of a creditor with a lien, which is the status occupied by the Trustee in Bankruptcy. An involuntary petition in bankruptcy was filed against the Glasscock Leasing Syndicate on the 13th day of May, 1929, and thereafter, while said proceedings were still pending in the bankruptcy court, on June 4th, 1929, O. B. Black, as Trustee, offered for sale 'all of the property of said Syndicate of whatsoever description, and wheresoever situated, including land, leases, royalties, wells, drilling equipment, machinery, power plants, automobiles, etc,' and sold said property to Leon D. Glasscock, who was not present, but W. D. Glasscock testified that a representative of Leon D. Glasscock was present. The bid at the sale was less than the amount of

300

the mortgage, consequently no money was given by the purchaser.

"By virtue of the above sale the Trustee, O. B. Bl&ck, executed a trustee's deed to specific property which belonged to the Glasscock Leasing Syndicate, such property being described in the Trustee's deed as follows:

" 'Furniture and Fixtures located on 8th Floor Brady Building, San Antonio, Texas; 1 Flat Top desk; 1 filing cabinet; 1 safe; 1 adding machine; 1 check protector; 1 typewriter; 2 power plants; 5 storage tanks, more or less; 1 lease house, and other small buildings; leases;—Klemcke Lease, Somerset Bexar County, Texas, 98 acres more or less, 13 wells and equipment; Gonzales Lease, 50 acres more or less, 3 wells and equipment; Curtis Lease, 32 acres more or less, 2 wells and equipment; and any and all other assets owned by the Glasscock Leasing Syndicate of questionable value.'

"On July 7, 1929, Leon D. Glasscock executed an instrument purporting to be a deed to the Idaho Oil Company giving the same description as was given in the trustee's deed, which is to be distinguished from the vague and indefinite description in the deed of trust. The Idaho Oil Company is a corporation in which W. D. Glasscock is President, and W. D. Glasscock and wife, and his daughter, and his son, Leon D. Glasscock, are the only stockholders. On July 29, 1929, the Idaho Oil Company, acting by and through its President, W. D. Glasscock, deeded the property to J. M. Edmondson. Again the description used was not the description used in the deed of trust but the description used in the trustee's deed. No cash consideration was paid either by the Idaho Oil Company to Leon D. Glasscock or by J. M. Edmondson to the Idaho Oil Company, and W. D. Glasscock has, since January 1, 1928, been operating the three leases mentioned in the trustee's deed and continued to operate such leases after the purported sale to Leon D. Glasscock and the later sale to the Idaho Oil Company and the sale to J. M. Edmondson.

"The testimony showed that the value of the property sought to be recovered, was around Ten Thousand Dollars, and that the outstanding debts against the Leasing Syndicate, not including the purported debt to Leon D. Glasscock, was in excess of Twenty-one Thousand Dollars.

"The trial court rendered judgment for the plaintiff in error. The defendants perfected an appeal and the Court of Civil Appeals reversed and rendered the cause."

The assignments of error assail the opinion of the Court of Civil Appeals substantially on the grounds of the insufficiency of the description of the property sought to be conveyed by the instrument, dated January 2, 1928, wherein the trustee of the Glasscock Leasing Syndicate apparently conveyed the property mentioned therein to O. B. Black, trustee, to secure the payment of a promissory note executed and delivered by said syndicate to Leon D. Glasscock, the note being for $19,-409.33, the Court of Civil Appeals having held the description sufficient; and that the Court of Civil Appeals erred in holding that the rights of the trustee, appointed by the bankruptcy court, in property conveyed by the bankrupt more than four months before bankruptcy, are not greater than the rights of the bankrupt therein, the plaintiff in error claiming that the Court of Civil Appeals erred, among others, in these two particulars, as well as others. We will discuss these two matters in the order mentioned.

It is a general rule of the law that any description which specifies a property intended to be conveyed, and the instrument furnishes the means of determining the particular property covered by the instrument, or which could be ascertained by inquiry as to what property is owned by the grantor in the instrument, is legally sufficient. This is true for the reason that the sole purpose of a description of property, as contained in a deed of conveyance, is to identify the subject matter of the grant. 8 R. C. L. p. 1074, § 129. This general rule, which has been adopted for determining the sufficiency of the description of property, which is contained in a deed, is that if there appears therein enough to enable one, by pursuing an inquiry based upon the information contained in the deed, to identify the particular property to the exclusion of others, it will be sufficient. In other words, any description which will enable any one to identify the property, when aided by inquiry based upon information given by the instrument, is sufficient. 11 C. J. p. 456, par. 78, note 36. In Wilson v. Boyce, 92 U. S. 320, 325, 23 L. Ed. 608, the description in a deed was held to be sufficient which purported to convey "all my lands wherever situated," and in the same case the description in a mortgage was held to be sufficient which described the property as "all my property." In Garner v. Boyle, 97 Tex. 460, 79 S. W. 1066, 1067, the Court of Civil Appeals, 34 Tex. Civ. App. 42, 77 S. W. 987, wherein a writ of error by the Supreme Court was denied, held the description to be sufficient in a conveyance which purported to convey "all these certain lots * * *, located and situated in any county in the state of Texas, belonging to the separate estate of Annie M. Paschal." In Witt v. Harlan, 66 Tex. 660, 2 S. W. 41, the Supreme Court held the description to be sufficient in an instrument, which purported to convey "my entire interest in lands in Texas." Measured by these rules of law, we are of the opinion that the description in the instrument is sufficient. That description is as follows: "All of the property of the said Syndicate of whatever description and wheresoever situated, including land, leases, royalties, wells

drilling equipment, machinery, power plants, automobiles, etc." We therefore overrule all the assignments relating to the above-discussed question.

The second matter embraced in the assignments of error as heretofore stated, deals with the trustee's rights in the property conveyed by the bankrupt more than four months before the bankruptcy; the Court of Civil Appeals having held that these rights are not greater than those of the bankrupt. This proposition is denied by the plaintiff in error as being a correct one. It is provided by section 110 (e), 11 USCA, which is section 70e of the Bankruptcy Act, that the trustee shall be vested by operation of law with the title to the bankrupt, as of the date of the adjudication, except as to exempted property, and that he shall have all the powers which the bankrupt might have exercised for his own benefit. In subdivision (e) of said section (11 USCA § 110 (e), it is provided that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

By an amended act enacted in 1910 (36 Stat. 840, § 8) and made a part of section 75, 11 USCA, section 47, Bankruptcy Act, it is further provided that "as to all property in the custody or coming into the custody of the bankruptcy court," a trustee in bankruptcy "shall be deemed vested with all the rights, remedies, and powers of a creditor holding the lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

In discussing these two provisions of the Bankruptcy Act, Chief Justice Jones of the Dallas Court of Civil Appeals, in Farracy v. Security National Bank of Dallas, 4 S.W.(2d) 331, 336, says: "Under these sections of the Bankrupt Act, it is clear that appellant, as trustee of the bankrupt estate, is not only vested with title to all the property owned by the estate, and all the powers in reference to said property that the bankrupt possessed before bankruptcy, but, in addition thereto, is vested with all the rights of an execution creditor. In other words, appellant can avoid any unlawful transfer of property that the bankrupt could have avoided at the time of the adjudication, and any such transfer that a creditor holding a legal or equitable lien could have avoided. This, too, without regard as to whether at the time the unlawful transfer was made his

bankrupt was solvent or insolvent." This statement of the law by Chief Justice Jones is fully sustained by the Federal Circuit Court of Appeals, 257 F. 554, wherein that court approves what is said on the subject in Baldwin v. Kingston, by the Federal District Court, 247 F. 163. In Baldwin v. Kingston the question is elaborately discussed, and the construction which Chief Justice Jones has placed upon these provisions, is upheld.

The Supreme Court of the United States, in Fairbanks Steam Shovel Co. v. Wills, Trustee, 240 U. S. 642, 36 S. Ct. 466, 469, 60 L. Ed. 841, as well as the cases cited, support the rule announced to the effect that since the amendment of the Bankruptcy Act in 1910, trustees have the rights and remedies of a lien creditor or a judgment creditor as against an unrecorded transfer. The United States Supreme Court, in the case of International Bank v. Sherman, 101 U. S. 403, 406, 25 L. Ed. 866, held that: "The filing of the petition was a caveat to all the world. * * * Thereafter all the property rights of the debtor were ipso facto in abeyance until the final adjudication. * * * Those who dealt with his property in the interval between the filing of the petition and the final adjudication, did so at their peril."

In the case of Fairbanks Steam Shovel Co. v. Wills, supra, the United States Supreme Court held that "the estate was in custodia legis from the filing of the petition, and the title of the trustee related back to that date." In the case of Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 99, 56 L. Ed. 208, the United States Supreme Court said: "It is the purpose of the bankruptcy law, passed in pursuance of the power of Congress, to establish a uniform system of bankruptcy throughout the United States, to place the property of the bankrupt under the control of the court, wherever it is found, with a view to its equal distribution among the creditors."

We therefore sustain all of the assignments of the plaintiff in error which relate to this particular question, being of the opinion that the Court of Civil Appeals was in error in holding to the contrary.

The purpose of the plaintiff in error in bringing this suit was to set aside and declare void the deed of trust executed by W. D. Glasscock, as sole trustee of the Glasscock Leasing Syndicate in favor of Leon D. Glasscock, as the beneficiary, and also to declare void a sale made by the trustee of the Glasscock Leasing Syndicate, O. B. Black, under the deed of trust while the bankruptcy proceedings were pending, and without the sanction of the bankruptcy court, and also for the purpose of setting aside any subsequent transfer of the property conveyed by the trustee, which transfers were based upon the deed of trust on the ground that all of said

proceedings were fraudulent as to the creditors of the bankrupt, and that these proceedings were had to hinder and delay creditors in the collection of their claims against the bankrupt. The district court, in rendering judgment for the trustee in bankruptcy, who represented the creditors of the bankrupt, necessarily held that all the material allegations of the petition of the plaintiff in error were sustained not only as to those relating to the fraudulent acts of the bankrupt, but presumably upon the ground that the description of the property in the deed of trust executed by the bankrupt to O. B. Black, to secure an indebtedness evidenced by a promissory note in favor of Leon D. Glasscock, was insufficient to identify the property sought to be conveyed. Since we have held that the description in that instrument is legally sufficient, it necessarily follows that the district court was in error in holding it insufficient.

However, as the Court of Civil Appeals correctly held that the district court was in error, in holding the description of the property insufficient, and also held in effect that the rights of the trustee in bankruptcy, to the property belonging to the bankrupt, must be measured by the latter's interest in the property at the time of the adjudication of bankruptcy, and did not relate back to the time the petition in bankruptcy was filed, which we have held to be error, it necessarily follows that the judgments of both courts must be reversed. This is especially true since an inspection of the whole record discloses the fact to be that prima facie the instrument of January 1, 1928, conveying the bankrupt property to O. B. Black, as trustee, was valid and apparently in all respects sufficient to convey the legal title of the property described from its then apparent owner, the Glasscock Leasing Syndicate, to O. B. Black, and that by the terms of said instrument Leon D. Glasscock acquired an interest in said property to secure the payment of a valid and subsisting debt due him by the syndicate. The trustee in bankruptcy, by his petition, assails the validity of this transaction and all subsequent transactions growing out of the original one; but in order to succeed in this effort it was necessary for the trustee in bankruptcy to introduce proof supporting his material allegations on this subject, and the burden of proof was on him to do so. We do not find in the record any substantial proof of these allegations such as was necessary for him to produce in order to sustain the judgment of the district court. It is apparent to our minds that the case has not been fully developed, and in the interest of justice we think the judgments of both courts should be reversed and the case should be remanded for a new trial, with instructions to deny to the plaintiff in error any recovery unless, under proper pleadings, the plaintiff in error should establish, by a preponderance of the evidence, that the present creditors of the bankrupt were creditors at the time the Glasscock Leasing Syndicate executed the deed of trust to O. B. Black, trustee, and that the subsequent purchasers of the property were not innocent purchasers for value. These instructions do not preclude the district court, upon another trial, should the proof so justify, from finding as a fact that the note described in the deed of trust to O. B. Black was a fictitious claim as the plaintiff in error alleges, but has not proven, and declaring the law applicable to such a finding of fact, provided, of course, that it is further shown that the creditors of the bankrupt occupied the position of creditors at the time the deed of trust to O. B. Black was executed and delivered. If they were not such creditors, they would not have any interest in the transaction, unless it was further alleged and proven that this note was executed and the deed of trust was also executed in furtherance of a fraudulent scheme by the Glasscock Leasing Syndicate, and of Leon D. Glasscock, to defraud the present creditors of the bankrupt, who were without knowledge, either actual or constructive, of their execution. This fraudulent scheme would not then be binding upon the present claimants of the property unless it is further alleged and proven that they had knowledge of such fraudulent scheme, or were put upon inquiry by a knowledge of facts which, pursued with reasonable diligence, would have discovered the existence thereof.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed and the cause be remanded.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.