## MILLER et al. v. GIBRALTER SAV. & BLDG. ASS'N.

### No. 3362.

Court of Civil Appeals of Texas. Beaumont.
Aug. 10, 1939.

Rehearing Denied Nov. 1, 1939.

Bracewell & Spiner, of Houston, for appellants.

T. J. O'Brien and Edgar Monteith, both of Houston, for appellee.

COMBS, Justice.

This case, tried in the 61st District Court of Harris County, is before us on transfer by the Supreme Court.

Claiming an indebtedness against appellant D. Miller for principal, interest and attorney's fees, amounting to $1826.16, appellee, Gibralter Savings & Building Association, caused its deed of trust lien against lots 18 and 19 in block 5 "of the Town of Harrisburg" to be foreclosed by trustee's sale. It purchased the property at the trustee's sale for $1000. It then filed this suit against Miller in form of trespass to try title, and in the alternative alleged an indebtedness consisting of unpaid balance, plus taxes paid by it, interest and attorney's fees aggregating $2058.46 as of December 10, 1936, plead its deed of trust lien and vendor's lien against the property and asked a judgment for its debt and foreclosure. The property is the homestead of appellant D. Miller. Miller attacked the trustee's sale on several grounds. (a) He

plead that the contract was usurious. In that connection the proof showed that the contract, which was for payment of monthly installments over a period of 15 years, bore interest at the rate of 10% payable in advance, with interest at the rate of 10% on all past due installments of interest. It was shown also that the note as drawn resulted in interest of about 4 cents per year on the entire indebtedness in excess of the maximum contract rate of 10%. There were attorney's fees, inspection fees, etc., aggregating about $60. (b) He also plead that the notice of trustee's sale was fatally defective in not sufficiently describing the property. The proof showed that the property was described as "Lots Nos. Eighteen (18) and Nineteen (19) in Block No. Five (5) of the town of Harrisburg, In Harris County, Texas." There were three additions in what was formerly the town of Harrisburg, now a part of the City of Houston, which contained similar numbered blocks and lots. However, the notices referred to the deed of trust, which in turn referred to the deeds under which Miller acquired the property, and the book and page where they were recorded. Proof was offered that the description as given in the notice was calculated to mislead prospective bidders as to the property intended to be sold. (c) Miller plead his willingness to do equity, and offered to pay whatever sum may be justly due. He testified that because of a long illness and six months' confinement to his bed as the result of a severe accidental injury, he allowed his payments to lapse, but that a short time after the trustee's sale he demanded of appellee a statement of the amount due it, with intent to pay the entire indebtedness justly due, but that the statement was refused. Before the present trial was held he tendered $1500, which he claimed was the entire amount justly due against his property. The tender was refused.

The trial was to a jury and upon special issues, the jury found that the contract was usurious, that the property involved was of the value of $5000, that the description of the property in the notice of trustee's sale rendered it uncertain in the mind of the average prospective bidder as to what property was offered for sale, and fixed the rental value of the property at $30 per month. By supplemental motion for judgment in his favor on the verdict of the jury filed after the court had expressed doubt that the jury's finding of usury had support in the evidence, Miller plead: "That in deference to the doubts so expressed by the court, and in order to get the title to his homestead property cleared immediately, without waiving such finding in his favor, should this tender be refused, defendant here and now in open court offers and tenders to plaintiff the sum of $1826.11, being the amount due plaintiff, disregarding the finding of the jury on special issues Nos. 1 and 2, and should the tender be accepted, defendant agrees for judgment to be rendered accordingly; that said sum allows to plaintiff ten per cent interest on taxes from date of payment to date; ten per cent on his indebtedness from the acceleration thereof to date; and $50.00·attorney fees, and $35.95 for accrued court costs to date, which is more than shown by the evidence could be lawfully due."

The motion was overruled and the motion of appellee for verdict non obstante veredicto was granted. Judgment was rendered for appellee and against appellant D. Miller for title and possession of the property, and against appellant D. Miller and appellant H. Robert Smith and J. S. Bracewell, sureties on his replevy bond, for $240 damages, the rental value of said property which had been replevied by Miller.

### On Rehearing.

### Opinion.

We agree with the appellee's contention that as a matter of law the contract was not usurious. Appellee certainly charged all the interest the law would allow when it charged 10%, payable monthly in advance, with 10% on all delinquent interest. But our Supreme Court has upheld the legality of such contracts, although with reluctance. See Bothwell v. Farmers' & Merchant's State Bank & Trust Co., 120 Tex. 1, 30 S.W.2d 289, 76 A.L.R. 1480. Incidentally, the loan was refinanced in 1928 and the interest reduced to 8.4 per cent. The fact that the contract imposed as interest 4 cents per year more than the legal rate did not render it usurious. In such case the slight excess is disregarded. Peightal v. Cotton States Bldg. Co., 25 Tex. Civ.App. 390, 61 S.W. 428. It has also been held that attorney's fees, inspection and filing fees, etc., are legitimate service

608

charges and not interest. Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464.

█ The description in the notice of sale was legally sufficient since references to the records afforded means of complete information. Smith v. Crosby, 86 Tex. 15, 23 S.W. 10, 40 Am.St.Rep. 818; Coppard v. Glasscock, 46 S.W.2d 298, 299 (opinion adopted by Supreme Court).

█ A part of the debt foreclosed did not constitute a lien against the property, which was a homestead. However, the rule is now settled that an objection on that ground, made after the trustee's sale, in a proceeding to set the sale aside, comes too late. Belcher Land & Mortgage Co. v. Taylor, Tex.Com.App., 212 S.W. 647, and authorities cited.

█ Appellant also makes the point that the notice of sale was not properly posted. The evidence shows that one notice was posted at the court house, another on the opposite side of the City of Houston from where the property involved is located, and some 15 miles from it, and another in another part of the county. No notice was posted near the property involved although it was located in a public place. We think the posting of the notices was legally sufficient since the posting was in accordance with the statute. Vernon's Ann.Civ.Statutes, art. 3810.

█ On original submission we held that the sale should be set aside on equitable grounds. We have reached the conclusion that we were in error in that holding. We are convinced there is no sufficient showing in the record that the inadequate price for which the property was sold and bought in by appellee resulted from irregularity or fraud. Such being the case appellant was not entitled to set aside the sale merely because of the inadequate price and an offer made after the sale to pay the debt and expenses. Thornton v. Goodman, Tex.Com.App., 216 S.W. 147; Onion v. Moreland, Tex.Civ.App., 97 S.W.2d 726; Gregg v. First National Bank, Tex.Com.App., 26 S.W.2d 179. Accordingly appellee's motion for re-hearing will be grant-ed and the judgment of the trial court affirmed, in so far as it denied appellants' suit to set aside the trustee's sale and cancel the trustee's deed. We make this holding with reluctance, for the reason that appellant has equities in his favor which strongly appeal to us. But they are not sufficient in legal effect to relieve him from the consequences of the contract which he made, and his failure to act before sale of his property under the deed of trust.

█ This holding makes it necessary for us to pass on another matter, which we did not pass upon in the former opinion because it was not necessary. Appellants J. S. Bracewell and Robert Smith, who were sureties on appellant's replevy bond, have filed a separate brief in which they complain of that part of the judgment which awards judgment against them for $240 for damages, for rental value of the property replevied. The property in question consisted of a small store building and a vacant lot. The building had a partition down the center dividing it into two store rooms. The record indicates that appellee rented out one half of the building to one Raby and collected the rents therefor after appellant's replevy bond was filed, and that appellant has only had one room of the building in his possession. The balance of the property has evidently remained in the hands of the constable or has been rented out by appellee. The only proof of rental value was to the effect that a reasonable rental for the whole property was $50 per month. The evidence does not show and the jury made no finding, as to the rental value of that part of the property actually held in possession and used by appellant. The jury found $30 per month a reasonable rental value of all the property. Consequently that part of the judgment awarding $290 damages against appellant D. Miller and $240 against his bondsmen Bracewell and Smith with judgment over against him will be reversed and remanded for a new trial of the issue of damages.

In part affirmed and in part reversed and remanded.

The original opinion is withdrawn and this one filed in lieu of it.