S. B. MAUPIN ET AL V. R. P. CHANEY ET AL.

No. 7896. Decided June 3, 1942.
Rehearing overruled July 15, 1942.
(163 S. W. 2d Series, 380.)

*Biggers, Baker & Lloyd, Dallas C. Biggers* and *Ralph D. Baker,* all of Dallas, for plaintiffs in error.

It was error for the Court to hold that plaintiff's suit for the deficiency is contingent upon the validity of the trustee's sale upon defendant's failure to pay the note. International Bldg. & Loan Assn. v. Barker, 39 S. W. 317; Shaw, Banking Comr., v. Ball, 23 S. W. (2d) 291; 29 Tex. Jur., 978.

*Francis M. Chaney* and *Ruth Felton Muir,* both of Dallas, for defendants in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a suit to recover a deficiency judgment after a purported sale of mortgaged property under the powers given in a deed of trust.

On April 9, 1929, plaintiffs S. B. and W. A. Maupin sold and conveyed to defendants R. P. Chaney and L. Bowen a part of "lot 28, Block 'A' of Ross Avenue Annex Addition to the City of Dallas," and described by metes and bounds. The consideration recited in the deed, other than a certain cash payment and the assumption of an outstanding first lien note, was a vendor's lien note in the sum of $3,500.00 executed by Chaney and Bowen to the Maupins, and secured by a second lien on the land. On April 18, 1934, the $3,500.00 note was renewed for a period of five years, and as further security a deed of trust was executed by defendants. The deed of trust described the property as "being a part of Lot No. *Eight (8)* in Block 'A' of Ross Avenue Annex Addition to the City of Dallas, Texas, as shown by the map or plat of said addition of record in Vol. 1, page 310, Map Records of Dallas County, Texas, and being the same property conveyed to R. P. Chaney and L. Bowen by W. A. Maupin and S. B. Maupin by deed dated *April 18th,* 1929." After describing the renewal note, the deed of trust contains

the following provisions: "The above described note is given in renewal and extension of the principal and interest owing on that certain vendor's lien note dated April *18th*, 1929, in the original principal sum of $3,500.00, executed by R. P. Chaney and L. Bowen, payable to W. A. Maupin and S. B. Maupin, and due and payable April *18th*, 1934, and bearing interest from its date until paid at the rate of 7 per cent. per annum, said note being set out and described in deed dated April *18th*, 1929, from W. A. Maupin and S. B. Maupin to R. P. Chaney and L. Bowen, in which deed a vendor's lien was retained to secure the payment of said note; and reference is here made to said deed and the record thereof for a full description of said note and the land hereinabove described." (Emphasis ours.)

It appears that in the spring of 1936, nothing having been paid on the renewal note, the Maupins visited the premises where defendants were operating a dry-cleaning business, and discussed the debt. The conversation touched upon the first lien indebtedness, which all parties considered usurious. Defendants testified upon the trial, in substance, to statements made by plaintiffs that no interest need be paid until fall, when the whole debt would either be refinanced or the property taken back; that no sale would be made under the deed of trust until fall. Defendants also testified that they then, as in earlier years, offered to reconvey the lot in cancellation of the second lien note, but that plaintiffs never positively agreed, only stating that if they decided to accept the property, the note would be cancelled. Notwithstanding such conversation, a foreclosure under the deed of trust occurred August 4, 1936, and the security was bid in by plaintiffs for $1,000.00, which was duly credited on the $3,500.00 note. The notices of the sale and the trustee's deed contained the same description, with the same errors as appeared in the deed of trust. On October 2, 1936, still treating the property as "Lot Eight," a written lease was executed whereby plaintiffs leased the premises to defendants for one year, beginning as of July 1, 1936, at a monthly rental of $90.00. It is not clear why this lease was made to begin as of July 1 instead of August 4, the date on which the property was sold under the deed of trust, or October 2, the date the lease was executed. On January 19, 1938, the trustee in the deed of trust executed a corrected trustee's deed, reciting the sale of the property by the true description as set out in the original deed of April 9, 1929. Thereafter, on

August 25, 1938, at the request of Stewart Title Company, which was handling a sale of the property by the Maupins to one Mrs. Tina Fife, defendants Chaney and Bowen, with their wives, executed a quitclaim deed to the Maupins and their assigns of all their right, title, and interest in the property.

Plaintiffs filed this suit as a straight action on the renewal note, alleging merely that defendants were entitled to "certain credits," including $102.00 paid as rent for the period to the foreclosure sale on August 4, 1936. At the trial, however, plaintiffs introduced in evidence not only the note, but also the deed of trust, notice of trustee's sale, and trustee's deed, and proved by oral testimony the facts of the sale and the crediting on the note of plaintiffs' bid of $1,000.00. Thereupon, defendants moved for a peremptory instruction in their favor on the ground that the misdescription of the property rendered the foreclosure sale void and that, consequently, plaintiffs had not proved a cause of action for a deficiency judgment. The trial court overruled this motion, and, at the close of all the evidence, rendered judgment on a peremptory instruction for the plaintiffs for the amount of the $3,500.00 note, less the credits above indicated. The Court of Civil Appeals sustained defendants contention that plaintiffs' suit for deficiency was not maintainable because of the invalidity of the foreclosure sale, and rendered judgment for the defendants. 153 S. W. (2d) 187.

■ Plaintiffs' first contention is that since their suit was brought to recover on the note executed by the defendants, their right to recover was not contingent upon the validity of the trustee's sale of the mortgaged property. We recognize the rule that the holder of a secured note may sue and recover personal judgment against the maker without resorting to the security. Weatherby v. Townes, 42 Texas 83; Harper v. First State Bank of Grand Prairie (Civ. App.), 3 S. W. (2d) 552 (writ refused) ; 29 Tex. Jur. 928. But where the record shows, as it does here, that the plaintiffs under the pretense of a sale of the property under the powers given in the deed of trust in satisfaction of the debt have acquired possession of the mortgaged property and appropriated the same to their use and benefit, it is readily apparent that it would be inequitable to allow them to now recover the full amount of their debt without allowing a proper credit for the value of the property so appropriated.

We must determine what would be the proper credit to allow for the property so received by the plaintiffs. Whether or not the amount for which the property was bid in at the trustee's sale is the proper credit to allow on the plaintiffs' debt, will depend on whether the foreclosure was a valid one; for if the foreclosure was not valid it would seem to follow necessarily that the amount so bid at such an illegal sale would not be a proper standard to be used in measuring the value of the property so received and appropriated by the plaintiffs. Consequently, it will be necessary for the court to first determine whether or not there was a proper foreclosure under the trustee's deed.

■ The trial court was of the opinion that the foreclosure was valid, and therefore allowed as a credit the amount for which the property was bid in at such sale. It will be noted that the property was properly described in the deed from the Maupins to Chaney and Bowen of date April 9, 1929, as being a part of Lot 28 in Block A of the Ross Avenue Annex Addition, the portion of Lot 28 so conveyed being set out by metes and bounds; whereas the deed of trust described the property as being a part of Lot *8* in Block A of the Ross Avenue Annex Addition, without any attempt to describe what portion of the lot was conveyed, and erroneously referred to the deed from the Maupins to Bowen and Chaney as being of date April 18, 1929.

This description of the property in the deed of trust, standing alone, unaided by any extrinsic evidence to show what property was intended to be conveyed, was insufficient to constitute a valid conveyance to the trustee of the property here in controversy, (Texas Savings-Loan Assn. v. Seitzler, 12 Civ. App. 551, 34 S. W. 348) and hence any purported sale under the deed of trust would not constitute a valid foreclosure of the lien on the land here under consideration. Consequently, the Court of Civil Appeals properly held that the trial court erred in instructing a verdict for the plaintiffs.

■ It appears, however, that the deed of trust contained other information that would be helpful in ascertaining what property was intended to be conveyed thereby. It stated that the property therein described was the same property conveyed to R. P. Chaney and L. Bowen by W. A. Maupin and S. B. Maupin by deed dated April 18, 1929, and that the note therein secured was given in renewal of a prior note in the sum of

$3,500.00 described in the deed from the Maupins to Chaney and Bowen. The sole purpose of the description of property, as contained in a deed of conveyance, is to identify the subject matter of the grant. 8 R. C. L. 1074, par. 129. And in construing the deed the court endeavors to carry into effect the intention of the parties as expressed therein. Pierson v. Sanger Bros., 93 Texas 160, 53 S. W. 1012. Hence, it is a general rule of law that where the description specifies a property intended to be conveyed, and the instrument furnishes other sufficient means of determining the particular property covered thereby, the description is legally sufficient. 14 Tex. Jur., 988. In other words, if there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify the particular property to the exclusion of others, the description will be held sufficient. Coppard v. Glasscock (Com. App.), 46 S. W. (2d) 298; 14 Tex. Jur. 992. It is a familiar rule that even though the description of the property contained in the conveyance, standing alone, would be insufficient, yet if it refers to another instrument which contains a proper description of the property, such other instrument may be looked to in aid of the description. 14 Tex. Jur. 1005; Pierson v. Sanger Bros., 93 Texas 160, 53 S. W. 1012. And even though the reference to the other instrument is itself in some respects erroneous, or the instrument is otherwise misdescribed in some particular, yet such other instrument may nevertheless be looked to in ascertaining what property was intended to be conveyed if it corresponds with the reference in other respects, and extrinsic proof shows that there is no other instrument which would accord with the language used in referring to the prior instrument. Sanborn v. Crowdus Bros. & Co., 100 Texas 605, 102 S. W. 719; 14 Tex. Jur. 1010; Overand v. Menczer, 83 Texas 122, 18 S. W. 301; Shelley v. Creighton-McShane Oil Co., 62 Texas Civ. App., 15, 130 S. W. 848 (writ refused); West v. Houston Oil Co., 46 Texas Civ. App., 102, 102 S. W. 927; Rountree v. Thompson, 30 Texas Civ. App., 595, 71 S. W. 574, 72 S. W. 69 (writ refused). Now, it is true that in referring to the prior deed from the Maupins to Chaney and Bowen, the deed of trust described the same as being of date April 18, 1929; whereas same was actually dated April 9, 1929. But this would not render inadmissible extrinsic evidence to show that it was the deed of April 9th that was intended. The false part of the reference could be rejected, and effect given to the remainder thereof. Cartwright v. Trueblood, 90 Texas 535, 39 S. W. 930; 14 Tex. Jur. 1010.

Under the above rule if the extrinsic evidence should show that the only property ever conveyed by the Maupins to Chaney and Bowen in which a vendor's lien was retained to secure the payment of a note in the sum of $3,500.00 was the deed of April 9, 1929, instead of a deed dated April 18, 1929, it would support the plaintiffs' contention that the parties actually referred to the deed of date April 9th for a better description of the land conveyed by the deed of trust. Such evidence would be admissible upon another trial. By referring to the prior deed a proper description of the property would be found, and the deed of trust would be valid.

■ Since the Court of Civil Appeals reversed the judgment of the trial court in favor of plaintiffs, and since the case had not been fully developed in this respect, the Court of Civil Appeals should have remanded the cause for another trial instead of rendering judgment for the defendants. City of Houston v. Chapman, 132 Texas 443, 123 S. W. (2d) 652, syl. 10; John Hancock Mut. Life Ins. Co. v. Bennett (Com. App.), 133 Texas 450, 128 S. W. (2d) 791, syl. 14; City of Panhandle v. Byrd, 130 Texas 96, 106 S. W. (2d) 660, syl. 4; 3 Tex. Jur. 1220. See also Rule 505, Texas Rules of Civil Procedure.

Upon another trial if the extrinsic evidence should show a sufficient description of the land in the deed of trust so as to constitute a valid conveyance to the trustee, then the sale by the trustee by the same description, if otherwise regular, would be valid. In other words, the same rule that would permit the introduction of extrinsic evidence to aid the description in the voluntary conveyance from the defendants to the trustee, would likewise be admissible to sustain the description in the notice of sale and the trustee's deed. 14 Tex. Jur. 1001; Brown v. Chambers, 63 Texas 131; Smith v. Crosby, 86 Texas 15, 40 Am. St. Rep. 818; 23 S. W. 10; Coppard v. Glasscock (Com. App.), 46 S. W. (2d) 298; Miller v. Gibraltar Sav. & Bldg. Assn. (Civ. App), 132 S. W. (2d) 606. The defendants rely on the case of Texas Savings-Loan Assn. v. Seitzler, 12 Texas Civ. App. 551, 34 S. W. 348 (writ refused), as sustaining a rule contrary to that above announced. A careful reading of that opinion, however, will disclose that neither the prior instrument referred to in the conveyance for a better description of the land nor other extrinsic evidence thereof was introduced to show what land was intended to be conveyed. For that reason that case is not in point.

Upon another trial if it should develop that there was a valid sale of the property by the trustee under the deed of trust, then the plaintiffs will be entitled to recover the amount of their note, interest, and attorney's fees, less the amount received for the land at the trustee's sale and any other legitimate credits, unless defendants can show that such indebtedness was afterwards extinguished.

If for any reason there was not a proper sale under the powers in the deed of trust, then the question will arise as to whether there was a rescission by the plaintiffs of their conveyance to the defendants. As the holders of the vendor's lien and superior title they had a right to rescind the conveyance upon default by the defendants. Whether or not they did rescind the contract of sale will depend on their intentions, as well as their acts and conduct in the premises. In order to constitute a recission there must be an election on the part of the holder of the superior title to so rescind, and in order for there to be such an election there must be an intention to so elect. 29 Tex. Jur. 920. The mere fact that plaintiffs took possession of the property and exercised ownership of the same would not alone establish, as a matter of law, an intention to rescind the contract, if the evidence should show that in taking possession of the same they did so on the belief that there had been a valid sale of the property under the deed of trust, and that they did not then intend to rescind the sale.

If there was not a valid sale under the powers given in the deed of trust, and the plaintiffs did not rescind the sale, then the plaintiffs have wrongfully taken possession of the property and sold it to a third party, and thereby placed it beyond the reach of the defendants and rendered it impossible to now have a foreclosure of the lien thereon. Under these circumstances the plaintiffs should be required to allow as a credit on their note the reasonable market value of defendants' equity in the property at the time plaintiffs took possession of and appropriated it to their use and benefit. 41 C. J. 1036; John Hancock Mut. Life Ins. Co. v. Howard (Civ. App.), 85 S. W. (2d) 986.

It was contended by the plaintiffs that the defendants by the subsequent execution of the quitclaim deed to the plaintiffs thereby ratified the previous trustee's sale. On the other hand, it was the contention of the defendants that the quitclaim deed was given in consideration of plaintiffs' agreement to cancel

the balance of their indebtedness evidenced by the note in question. Upon another trial the court should admit evidence in support of these contentions, and upon a proper showing should submit the issues to the jury.

Finally, we desire to make it clear that our holding that the plaintiffs may establish the proper description of the land by extrinsic evidence does not preclude the defendants from attacking the trustee's sale on other grounds by proper pleadings and proof.

The judgments of the district court and Court of Civil Appeals are both reversed, and the cause is remanded to the district court for a new trial.

Opinion delivered June 3, 1942.

Rehearing overruled July 15, 1942.