**J. S. ABERCROMBIE et al., Appellants,**

v.

**H. R. BRIGHT et al., Appellees.**

No. 3047.

Court of Civil Appeals of Texas.

Eastland.

May 7, 1954.

Rehearing Denied June 4, 1954.

Stubbeman, McRae & Sealy, Midland, Fouts, Amerman & Moore, Houston, Sentell, Rosser & Willbern, Snyder, F. L. Hartman, Fort Worth, W. J. Knight, Fountain, Cox & Gaines, Houston, Golden, Croley & Howell, Dallas, J. M. Easterling, Corpus Christi, for appellants.

Shank, Dedman & Payne, Dallas, Park & Hemphill, Snyder, Leachman, Matthews & Gardere, Harris & Lee, Dallas, Wayland G. Holt, H. J. Brice, Snyder, for appellees.

COLLINGS, Justice.

This is a trespass to try title suit brought by Scurry County, Texas, and H. R. Bright to recover title and possession of the surface and of the oil, gas and other minerals of a 6.87-acre tract of land in Block 21, Section 40, Kirkland and Fields Survey in Scurry County, Texas. Scurry County claimed the record and legal title to the property under a deed dated August 8, 1934 from Guy Stoker, Lowell Stoker and Frank Stoker, and their wives, and Beatrice Stoker Webb and her husband, who are hereafter referred to as the Stokers. The deed was filed for record in the Deed Records of Scurry County on July 19, 1952. H. R. Bright claimed under an oil and gas lease from Scurry County but during the trial of the case took a non-suit.

All defendants named in the suit filed pleas of not guilty and a general denial. Defendants Guy Glenn and wife, Amy B. Glenn, and their lessee, Charlie Lockhart, Jr., filed a cross action asserting title to the land in question under the ten-year statute of limitations. Scurry County and the Glenns have entered into an agreement settling their controversy. Other defendants were M. R. Estes, who claims an interest in the surface and minerals under a quitclaim deed from some of the Stokers. J. S. Abercrombie who claims under an oil and gas lease from the Stokers and their grantees, and in addition to a plea of not guilty and a general denial, filed a cross action urging pleas of the two and four year statutes of limitation, stale demand, estoppel, innocent purchaser and the three, five and ten year statutes of limitation. Defendants Sue Hill Metts, and husband, Dean Metts, Betty Felix Helis, William G. Helis, Jr., Adrienne Helis Malvin and husband, A. Malvin, Virginia Helis Droulia, Esther Helis Henry and husband, Paul Henry, C. S. Atchison, D. E. Kenney, R. B. Moncrief, W. A. Moncrief, Summerfield G. Roberts, Laura Sue Hall and Paul C. Teas, Jr., all claim royalty and mineral interests under the Stokers, H. J. Brice and O. B. Price. Defendants O. B. Price and wife, Lela Price claim under a mineral deed from H. J. Brice and wife dated July 13, 1945; H. J. Brice and wife claim under a deed from Lowell Stoker and Frank Stoker dated in October, 1934, conveying their one-half interest in the property.

The case was tried before a jury and based upon its verdict, the stipulations and agreements by and between the parties and such additional findings as the court was authorized to make, judgment was entered that Scurry County should recover a royalty interest of 1/8th of all oil, gas and other minerals produced on the 6.87 acre tract in question; that Guy Glenn and wife, Amy B. Glenn, have title and possession of such tract, subject only to the royalty interest awarded Scurry County and the oil and gas leasehold estate, which the court awarded to Charlie Lockhart, Jr., the leasehold interest of Lockhart being subject only to the royalty interest of Scurry County and an overriding 1/16th royalty interest in favor of Guy Glenn and wife. This appeal is

brought by M. R. Estes, J. S. Abercrombie, Betty Felix Helis, William G. Helis, Jr., Adrienne Helis Malvin, A. Malvin, Virginia Helis Droulia, Esther Helis Henry, Paul Henry, C. S. Atchison, D. E. Kinney, O. B. Price, Lela Price, Laura Sue Hall and Paul C. Teas, Jr.

A settlement agreement was entered into between Scurry County and Guy Glenn whereby it was agreed, in effect, that if, upon the trial of the cause, it should appear that either of said parties was entitled to judgment for title and possession of the land that judgment should be entered by the court vesting title and possession of said land in Glenn and his wife with the exception of a royalty interest of ⅛th of all the oil, gas and minerals produced thereon.

It was stipulated that a warranty deed dated June 25, 1921 executed by Dallas Trust & Savings Bank, trustee, to the Stokers vested fee simple title from the sovereignty of the soil in the Stokers to the lands therein described by metes and bounds, which included tract 21 in which the 6.87-acre tract in controversy is located. Scurry County, in order to show its title to such tract, introduced the deed executed by the Stokers dated August 8, 1934, in which the county is grantee. The description of the land purported to be conveyed therein is as follows:

"all that certain tract or parcel of land and being a part of Tract No. 21, Section 40 of the G. A. Kirkland and J. H. Fields Survey in said Scurry County, Texas, more particularly described as follows, to-wit:

"'Beginning at a point where the East boundary line of said Tract No. 21 intersects the Right of Way of the R. S. & P. Ry. Co. Thence in a Northwesterly direction along the west line of said Right of Way to where same intersects the Right of Way of Highway No. 7 as described in a deed by us executed the said Highway; Thence in a Southeasterly direction with the North line of said Highway Right of Way to the East line of said Tract No. 21; Thence North with the East line of said Tract to the place of beginning said tract containing 6.87 acres of land more or less.'"

The County also introduced a map of the Grimes Ranch Land which shows tract 21 and introduced a deed from W. G. Grimes to the Roscoe, Snyder & Pacific Ry. Co., covering the railway right of way across Section 40 and a deed from the Stokers to the State of Texas covering the right of way for the relocation of Highway No. 7. The designation of the highway referred to as Highway No. 7 has now been changed to Highway No. 84.

In numerous points appellants attack the deed from the Stokers to Scurry County as being invalid for lack of sufficient description. In some of the points it is urged that Scurry County failed to prove record title by reason of the invalidity of such deed. In other points it is contended that the Glenns, who base their claim for title on the ten-year statute of limitations, never had or exercised such possession over the mineral estate in said land as to acquire title thereto by limitation. Appellants' contention in this regard is that because the deed in question was void for lack of sufficient description, title to the 6.87-acre tract was not conveyed but remained in the Stokers and was, on December 10, 1938, vested in Guy Stoker and H. J. Brice, at which time they gave to C. L. Griffin an oil and gas lease which severed the mineral estate prior to the time Glenn entered upon the premises; that the possession and occupancy of the Glenns was not therefore either actual or constructive possession of any part of the mineral estate therein. Appellants contend that the descriptive language used in the deed is unintelligible and, therefore, constitutes no legal description of any particular property and that the deed is, therefore, void. They admit that a beginning point and an ending point of the tract description is given, that is, where the east boundary line of tract No. 21 intersects the Roscoe, Snyder & Pacific Ry. Co. right of way but contend that in all other respects the description is insufficient. It is urged that although the general course and direction of the first line leading away from

the beginning point is given, that there is nothing to show the length of such line or the point to which it extends except as that line is said to "intersect the right of way of highway No. 7 as described in a deed by us executed the said highway." Appellants urge that the first call and all corners and other calls in the deed are dependent upon the description in the "deed by us executed the said highway"; that such other deed is not referred to by the name of the grantee, that its date is not given, that the reference in the questioned deed to some other deed executed by the grantors to or for a highway is not to any certain and definite deed but is merely to a deed. In consequence, appellants conclude that the deed referred to is not sufficiently identified to justify its production and consideration in evidence in aid of identification of the land conveyed by the deed from the Stokers to Scurry County.

It is urged by appellees that the reference in the questioned deed dated August 8, 1934 by the Stokers to Scurry County is to a deed executed by the Stokers on the same date, of record in the Deed Records of Scurry County, Texas, in which a certain described 4.277-acre tract of land is conveyed to the State of Texas as right of way for the relocation of highway No. 7. The material portion of the deed claimed to be referred to, as introduced in evidence, is as follows:

"County of Scurry

"Know All Men By These Presents:

"That we, the undersigned Guy Stoker and wife, Luella Stoker, Lowell Stoker and wife Ruby Stoker, Frank Stoker and wife         Stoker, Nell Stoker and Beatrice Webb and husband, Geo. Webb of the County of Eastland in the State of Texas, for and in consideration of the sum of One Hundred Six and 90/100 Dollars, to us in hand paid by Scurry County, receipt of which is hereby acknowledged, have this day sold, and do by these presents grant, bargain, sell and convey unto the State of Texas all that certain tract or parcel of land situated in the County of Scurry, State of Texas, and being part of * * * said tract or parcel of land herein conveyed, being more particularly described as follows:

"The property herein conveyed is a part of and out of Tract No. 21, Section 40, of the G. A. Kirkland and J. H. Fields Survey, Scurry County, Texas. A parcel or tract of land along the relocation of Highway No. 7 in Scurry County, as surveyed by the Resident Engineer of the State Highway Department of Texas, being one hundred (100) feet in width, the same being fifty (50) feet on each side of the center line of said relocation, extending from the east boundary line of said tract # 21, Engineer's Chaining Station 187/26, in a northwesterly direction for a distance of twelve hundred seventy-four (1274) feet more or less to Engineer's Chaining Station 200/00; Thence a strip of land one hundred and fifty (150) feet in width, the same being seventy-five (75) feet on each side of the center line of said relocation a distance of three hundred ninety two and seven tenths (392.7) feet to the south boundary line of the property of the Roscoe, Snyder & Pacific Railway Company, the north line of said tract # 21, Engineer's Chaining Station 203/92.7. The center line of said relocation being more particularly described as follows:

"Beginning at a point in the east boundary line of Tract # 21, Section 40, of the K. & F. Survey, Engineer's Chaining Station 187/26, the same being the west line of Section 18, Blk. 1 of the J. P. Smith Survey, and said point being south along said west line a distance of twenty one hundred ninety and eight tenths (2190.8) feet from the Northeast corner of said Section 18; Thence at an angle of 128° 55' to the right with said west line, a bearing of N. 62° 28' W. a distance of Three Hundred eighty and eight tenths (380.8) feet to the beginning of a curve, Engineer's Chaining Station 191/06.8; Thence along the line of said curve of a radius 1910.08, the same being con-

cave northerly, a distance of twelve hundred eighty five and nine tenths (1285.9) feet to the intersection of said curve with the south property line of the Roscoe, Snyder & Pacific Railway Company, Engineer's Chaining Station 203/92.7. The above described parcel of land containing 4.277 acres more or less.

"And it is further agreed that the said, The undersigned parties, in consideration of the benefits above set out will remove from the property above described such fences, buildings and other obstructions as may be found upon said property.

"To Have and to Hold the above described premises, together with all and singular the rights and hereditaments thereunto in anywise belonging unto the said State of Texas and its assigns; * * *."

■■■ We overrule appellants' contention that the questioned deed dated August 8, 1934 from the Stokers to Scurry County is void for uncertainty of description. When the language of reference and the terms of the questioned deed and the contents of the deed of the same date executed by the Stokers to the State of Texas covering the 4.277-acre tract are considered together and in connection with the facts and circumstances in evidence, there is in our opinion sufficient basis for the use in evidence of the latter deed in aid of identification of the 6.87-acre tract. The description in the questioned deed as aided by the provisions of the deed referred to is sufficient to identify the 6.87-acre tract and effect a transfer of title thereto. The test of whether the reference or information contained in a deed is sufficient to permit the claimed instrument of reference to be looked to in determining what property is intended to be conveyed was set out by our Supreme Court in the case of Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380, 383, as follows:

"In other words, if there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify the particular property to the exclusion of others, the description will be held sufficient. Coppard v. Glasscock, Tex.Com.App., 46 S.W.2d 298; 14 Tex.Jur. 992. * * * And even though the reference to the other instrument is itself in some respects erroneous, or the instrument is otherwise misdescribed in some particular, yet such other instrument may nevertheless be looked to in ascertaining what property was intended to be conveyed if it corresponds with the reference in other respects, and extrinsic proof shows that there is no other instrument which would accord with the language used in referring to the prior instrument."

In this connection, see also 14 Tex.Jur., pages 1005, 1007, where it is stated as follows:

"Upon the principle that that is certain which can be rendered certain, the description is sufficiently certain if the deed, in noticing the property conveyed, refers to any judgment, certificate, bounty warrant, patent, deed or map, which gives sufficient data for the identification of the land. In such case, the documents of reference are examined along with the deed in order to determine the sufficiency of the description, as gathered from all related documents, to afford means of identification. The document referred to must, of course, contain a legally sufficient description; but, if a deed, it need not be valid as a conveyance of the title.

"As against a stranger to the deed, the document of reference must be either recorded or filed in some office of the state or local government, where it is available for inspection by the public."

When we examine the questioned deed along with the claimed deed of reference in the light of the tests set out in the above quoted authority and text, there can be no doubt that the identity of the deed referred

to therein was the deed from the Stokers to the State of Texas conveying the 4.277-acre tract. The questioned deed to Scurry County in its description of the 6.87-acre tract started at a beginning point where the east boundary line of Tract 21 in Section 40 of the G. A. Kirkland and J. H. Fields Survey in Scurry County, Texas, intersects the right of way of the Roscoe, Snyder & Pacific Railway Company. The evidence shows that this point can be located on the ground. The first call is "thence in a northwesterly direction along the west line of said right of way * * *" and it is not questioned that this portion of the description can be located on the ground. The termination of the first call is stated to be where the west line of the Roscoe, Snyder & Pacific Railway Company right of way "intersects the right of way of Highway No. 7, as described in a deed by us executed the said highway." The location of this terminal is questioned by appellants as being indefinite and uncertain because of the claimed faulty and insufficient reference to "a deed." We cannot agree that the reference is merely to "a deed" with no earmarks by which it may be identified. The deed is referred to as one "by us executed." The claimed deed of reference was executed by the Stokers. It was executed on the same day as the questioned deed. It is also referred to as describing a highway right of way. The claimed deed of reference describes a tract of land which the instrument itself shows to be a highway right of way. Appellants urge that the intersection of "the right of way of Highway No. 7" as described in the questioned deed cannot be held to mean an intersection with a "tract of land along the relocation of Highway No. 7" as indicated in the claimed deed of reference. If this distinction is well taken, we do not feel that it is controlling, because there still remains sufficient reference and descriptive matter to identify the instrument referred to. When the reference is viewed in the most favorable light to appellants' contention by striking therefrom the claimed reference to highway No. 7, it must still be said that the terminal of the first call is described as

being at the intersection in said Tract 21 of the west line of the Roscoe, Snyder & Pacific Railway Company right of way and the right of way of a highway as described in a deed executed by the Stokers. The evidence shows that an examination of the deed records of Scurry County discloses only one deed was executed by the Stokers covering the transfer of right of way for a highway out of Tract 21. That deed was the deed of the Stokers conveying the 4.277-acre tract to the State of Texas which describes the land therein conveyed as being "a parcel or tract of land along the relocation of highway No. 7 in Scurry County, as surveyed by the Resident Engineer of the State Highway Department of Texas, being 100 feet in width, the same being 50 feet on each side of the center line of said relocation * * *." Although the deed conveys fee simple title to the tract described, there can be no doubt but that the description refers to land intended to be used as a highway right of way, that is, the right of way for the relocation of highway No. 7 and, therefore, complies with the reference in the questioned deed. Many other points of comparison show the connection between the two deeds. Both deeds bear the same date of execution. The land conveyed in each of them is described as being out of Tract 21, Section 40, G. A. Kirkland and J. H. Fields Survey in Scurry County, Texas. In each description reference is made to the east boundary line of Tract 21, to the right of way of the Roscoe, Snyder and Pacific Railway Company, and to the intersection of a highway right of way with the south boundary line of the Roscoe, Snyder & Pacific Railway Company right of way. The evidence shows that the deed by the Stokers to the State of Texas conveying the highway right of way of 4.277 acres out of Tract 21 was the only deed of record in the Deed Records of Scurry County executed by the Stokers out of such tract in which a highway right of way was described.

These facts, in our opinion, come clearly under the rule laid down in the case of Maupin v. Chaney, supra. The deed dated August 8, 1934 from the Stokers to Scurry

County may have been in some respects erroneous in its reference to and description of the deed of the same date covering the 4.277 highway right of way from the Stokers to the State of Texas. The reference to, or description of the latter deed was, however, in other respects correct and was sufficient to tentatively, if not positively, identify it. In such cases the erroneous part may be disregarded, and effect given to the remaining part of the description. 14 Tex.Jur., 1003, 1005; Reserve Petroleum Co. v. Harp, 148 Tex. 448, 226 S.W.2d 839. The connection between the two instruments is shown both on the face of the instruments themselves and by the subject matter with which they deal. See Douglass v. Texas-Canadian Oil Corporation, 141 Tex. 506, 174 S.W.2d 730.

Extrinsic evidence shows there is no other instrument which would comply with the descriptive language of reference used. The deed covering highway right of way from the Stokers to the State of Texas shows by recitations therein that the right of way for the relocation of highway No. 7 was on August 8, 1934, the date of the execution of both deeds fully surveyed and laid out on the ground. The evidence shows that a surveyor can, by the description in the questioned deed from the Stokers to Scurry County, with the aid of the description in the deed referred to, for highway right of way from the Stokers to the State of Texas, locate on the ground the point of beginning and all calls in the description of the 6.87-acre tract in controversy. The description in the questioned deed is not fatally defective or void but is sufficient to pass title to the tract to Scurry County.

The deed from the Stokers to Scurry County dated August 8, 1934, under which appellee county claims title to the 6.87-acre tract was not filed for record in the Deed Records of Scurry County until July 19, 1952. Article 6627, Vernon's Revised Texas Civil Statutes, provides that deeds shall be void as to subsequent purchasers for a valuable consideration without notice unless they shall be filed for record as required by law. We overrule appellants' contention that under the above statute the questioned deed is void as to them because of their alleged lack of notice thereof, and the further contention that such void status of the deed and the oil and gas lease to C. L. Griffin in 1938 affected a severance of the minerals and defeated Guy Glenn's limitation claim.

It was stipulated by and between the parties that none of the appellants at or before the time they acquired their respective conveyances had actual knowledge or actual notice of the warranty deed from the Stokers to Scurry County, and that all appellants paid value for their respective interests. There remained in the case, however, for the decision of the court, upon the issue of purchase for value without notice, the issue of constructive notice to appellants because of the recitals of various instruments in their respective chains of title. Included in the chain of title of each of the appellants is a deed from Lowell Stoker and wife and Frank Stoker and wife to H. J. Brice, and the deeds by which Guy Stoker acquired the interest of Beatrice Webb in Tract 21. Each of such instruments, after the description of Tract 21 therein contains the following language: "This conveyance is executed, however, subject to a former conveyance of about 11 acres of land to Scurry County for Highway purposes."

■ A purchaser is charged with notice of the contents and legal effect of instruments which are in his chain of title although he may never have had any actual knowledge thereof. Steed v. Crossland, Tex.Civ.App., 252 S.W.2d 784 (Writ Ref.); Wessels v. Rio Bravo Oil Co., Tex.Civ. App., 250 S.W.2d 668 (Writ Ref., and cases there cited); Loomis v. Cobb, Tex.Civ. App., 159 S.W. 305 (Writ Ref.); Matthews v. Rains County, Tex.Civ.App., 206 S.W.2d 852 (Writ Ref.); Wallace v. Hoyt, Tex. Civ.App., 225 S.W. 425 (Writ Ref.); City of Dallas v. Rutledge, Tex.Civ.App., 258 S.W. 534; Havard v. Smith, Tex.Civ. App., 13 S.W.2d 743; Spencer v. Maverick, Tex.Civ.App., 146 S.W.2d 819.

The language in the above mentioned deeds through which appellants claim title plainly indicate that the conveyance in such deeds of Tract 21 are subject to a former conveyance of about 11 acres to Scurry County. Such a reservation in appellants' chain of title was sufficient to put them upon inquiry and to charge them with notice of the deed by the same parties conveying the 6.87-acre tract to Scurry County. Appellants were not innocent purchasers without notice under Article 6627, supra. Point No. 8 is overruled.

Scurry County was entitled to recover against all appellants by reason of its deed from the Stokers dated August 8, 1934. Contrary to appellants' contention the deed was valid and conveyed title to the 6.87-acre tract in controversy. Although the deed was not filed for record until after appellants had acquired their respective interests therein, they were not, for the reasons hereinabove stated, innocent purchasers without notice.

As previously noted, there was an agreement between Scurry County and Guy Glenn who claims under the ten-year statute of limitations that in the event either party was entitled to judgment, the court should decree title and possession of the land to be in Glenn and his wife and in Charlie Lockhart to whom the Glenns had executed an oil and gas lease, except that Scurry County should be vested with title to royalty interest of 1/8th of all the oil, gas and other minerals in and under the 6.87-acre tract in controversy. The validity of the questioned deed, together with the fact that appellants were not innocent purchasers without notice under Article 6627, supra, and the agreement between Scurry County and the Glenns and Charlie Lockhart required the rendition of the judgment entered by the court. Since this is true, other points which question or deal with the adverse nature of Glenn's possession under the ten-year statute of limitations become immaterial and need not be discussed. No reversible error is presented.

The judgment of the trial court is affirmed.